IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA ANN HARTKE, an individual on her own behalf and on behalf of the Estate of decedent Gilbert V. Hartke<br><br>*Plaintiff,*<br><br>v.<br><br>BONHAM'S & BUTTERFIELD'S AUCTIONEERS CORPORATION, A DELAWARE CORPORATION; THE CATHOLIC UNIVERSITY OF AMERICA, A NON-PROFIT DISTRICT OF COLUMBIA CORPORATION<br><br>*Defendants.* | Civil Action No.: 22-03571 |

**PLAINTIFF'S BRIEF IN SUPPORT OF APPLICATION FOR PRELIMINARY**

**INJUNCTION AND TEMPORARY RESTRAINTING ORDER**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Barbara Ann Hartke individually and on behalf of the Estate of Gilbert V. Hartke, by and through undersigned counsel respectfully move the Court for a Preliminary Injunction with Temporary Restraining Order against defendant Bonham's & Butterfield's (Bonham's) to halt and restrain irreparable injury which will be incurred to plaintiff's personal property in the form of a certain costume

used in the film known as the Wizard of Oz as described in more detail in the contents of the Verified Complaint. The property is currently scheduled to be auctioned to the general public on May 24, 2022 in Los Angeles California at 1pm PDT for sale to the highest bidder. The specific relief requested is set out in Plaintiff's proposed temporary restraining order that accompanies this motion. The grounds for the motion are set forth herein and supported by the contents of the Verified Complaint on May 3,2022.

  The property wrongfully came into the possession of defendant Bonham's as a result of the employment of Bonham's auctioning service by the co-defendant The Catholic University of America (Catholic University). Plaintiff alleges in the Verified Complaint that Catholic University is not the rightful owner of the property which is owned by the Estate of Gilbert V. Hartke. The property is alleged to be currently located in this District. Because plaintiff's asset is in Defendant's possession and will be sold to the highest bidding party, plaintiff's will effectively lose the ability to reclaim possession of hers and, or the estate's property once the auction takes place. Temporary restraints are therefore necessary to maintain the *status quo ante* until the claims in the Verified Complaint are adjudicated. The property is unique and historic; its market value is unknown as being without any objectively comparatively property being sold anywhere in the world, thus precluding any remedy at law. Plaintiff meets all other requirements for the issuance of temporary restraints regarding Plaintiff's property in Defendant Bonham's possession, and, given the pending auction, is entitled to injunctive relief from this Court on an emergency basis. Without emergency treatment and the entry of temporary restraints , Plaintiffs' assets are likely to disappear without sufficient recourse.

  Wherefore, Plaintiff respectfully requests that the Court grant Plaintiffs' Motion for a Preliminary Restraints and a Temporary Injunction enjoining the Defendant, its officers, agents,

employees and all other person acting in active concert with them, from auctioning, selling, physically transferring out of this District, converting or otherwise disposing of the specified property unless and until the temporary restraints are dissolved by this court.

## FACTUAL ALLEGATIONS

Plaintiff Barbara A. Hartke relies upon and incorporates by reference the facts set forth in the Verified Complaint as sworn to by plaintiff Barbara Ann Hartke, individually and on behalf of the Estate of Gilbert V. Hartke.

## ARGUMENT

**I. Plaintiffs are entitled to immediate relief enjoining defendant from selling, auctioning or otherwise transferring plaintiff's property from the District until further order of this court.**

**A. Legal Standard for A Preliminary Injunction.**

On both a preliminary injunction motion and application for a temporary restraining order, the district court must consider the following factors: a. The extent to which the applicant is being irreparably harmed by the conduct complained of; and b. either the likelihood that the movant will succeed on the merits, or that the merits present serious questions for litigation and the balance of the hardships tips decidedly in the movant's favor. Fisher-Price v. Well-Made Toy Mfg. Corp., 25 F. 3d 119, 122 (2d Cir. 1994). The moving party need not show that success is an absolute certainty to meet the likelihood of success standard but only that the likelihood exceeds fifty percent. Abdul Wali v. Coughlin, 754 F. 2d 1015 (2d cir. 1985).

**B. Plaintiffs' have demonstrated substantial likelihood of success by setting forth a prima facie case of her right to return of personal property i.e. replevin and for conversion.**

Plaintiffs here can demonstrate a reasonable probability of success on her claims for conversion and her claim for return of personal property, also known as replevin. Conversion takes place when someone intentionally and without authority assumes or exercises control of personal property belonging to someone else, interfering with that person's right or possession. Reif v. Nagy, 175 A.D. 107 (1st Dept. 2019). Replevin is the common law civil action where an owner seeks to regain possession of his property that is taken or being held by another. Black's Law Dictionary. In order to state a cause of action for replevin a plaintiff must allege that he or she owns the property, is legally entitled to possess it, and that the defendant unlawfully withheld the property from the plaintiff. Khoury v, Khoury, 912 NYS 2d 235 (2d Dept. 2010). To establish a cause of action for replevin, a plaintiff must establish a superior possessory right to property in a defendant's possession. Reif, supra.

Here plaintiff can demonstrate that the Estate owned the property in question and the gift to decedent from one Mercedes McCambridge was well documented when it occurred in 1973. The valid gift from McCambridge is essentially undisputed. What is disputed is defendant Catholic University's claim that decedent gave either an *inter vivos* gift or bequest of the subject property to the University. To create an *inter vivos* gift, there must be intent on the part of the donor to present a transfer, delivery of the gift, either actual or constructive to the donee and acceptance by the donee. Reif, supra. The proponent of a gift has the burden of proving each of these elements by clear and convincing evidence. Ibid.

Here, plaintiff has established the decedent's ownership and there is no evidence that he made a valid *inter vivos* gift or testamentary bequest to defendant Catholic University. Plaintiff can establish a probability of success that hers and the estate's claims for conversion and replevin will be successful .

### C. Plaintiffs May will experience Irreparable Injury in The Absence of A Temporary Injunction.

Irreparable harm should be shown by the moving party to be imminent, not remote or speculative and the alleged injury must be one incapable of being fully remedied by monetary damages. Reuters Ltd. V. UPI International Inc., 903 F. 2d 904 (2d Cir. 1990). Section 7109 of the New York Civil Practice Law and Rules authorizes courts to grant a preliminary injunction where the chattel is unique. Where the chattel is unique, the court may grant a preliminary injunction or temporary restraining order that the chattel shall not be removed from the state, transferred, sold, pledged, assigned or otherwise disposed of until the further order of the court. Kosar v. Christie's Inc., 2011 WL 1886585 (NY Sup. Ct. 2011).

Here, the property in question is clearly unique and injury suffered to the estate is not measurable in monetary damages. Plaintiff's claim of ownership is valid and presumptive. The fact that plaintiff will not be damaged by the auction sale is clear under these circumstances given the unique nature of the property being auctioned. The property's value cannot be measured with anything comparable on the market and the auction is no guarantee that the price obtained reflects its actual value. Furthermore, the sentimental value to plaintiff and to the rest of the world cannot be measured.

D.  **The Balance of Hardships Favors Plaintiffs**

Before granting an injunction, a district court must balance the relative harm to the parties, i.e., the potential injury to the plaintiffs if an injunction does not issue versus the potential injury to the defendant if the injunction is issued. S.C. Cowen Secs. V. Messih, 224 F. 3d. 79 (2d. Cir. 2000). Entry of an injunction here is warranted and will place no undue burden on the defendants. Defendants cannot argue that the delay in auctioning the property will cause any harm whatsoever given the time that has elapsed since the death of decedent. There is no indication that the fair market value will experience any real change should the auction be postponed pending resolution of this litigation.  Plaintiff will be the party harmed here should this auction not be enjoined. She was not notified and placed in the untenable position of retaining counsel on short notice and litigating in a distant forum.

E.  **A Preliminary Injunction Is Needed to Protect the Public Interest**

There is a strong public interest for the court to enter an injunction here. This property is a important to the American public for reasons that are articulated in the Verified Complaint. The fact that an important part of Americana will not be in the public realm and be lost forever.

**CONCLUSION**

Based on the aforementioned facts and law, this court should enjoin defendant from transferring the property at issue out of this District temporarily as well as enjoin scheduling of an auction.

Dated: May 6, 2022

s/Anthony Scordo
_____
Anthony Scordo
Proposed Attorney for Plaintiffs
Seeking admission pro hac vice