

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Shawn A. Brenhouse
Direct Telephone: 212-912-2830
shawn.brenhouse@lockelord.com

May 12, 2022

**Via ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Barbara Ann Hartke v. Bonham & Butterfield's, The Catholic University of America,*
**1:22-cv-03571**

Dear Judge Gardephe,

We represent Defendant The Catholic University of America ("the University") in connection with the action recently filed by Plaintiff Barbara Ann Hartke ("Plaintiff"), Case No. 1:22-cv-03571.

Plaintiff is a relative of Father Gilbert V. Hartke, O.P., a former professor of drama and Roman Catholic (Dominican) priest who was employed at the University (*See* Dkt. 1; Complaint ¶ 9). Father Hartke, who passed away in 1986, founded the University's drama department in 1937 and chaired it until his retirement in 1974. Plaintiff alleges the estate of Father Hartke owns a dress (the "Dress") used by Judy Garland in the "Wizard of Oz," which is scheduled to be sold at auction on May 24, 2022. (*See* Complaint ¶¶ 7-8, 10). The Complaint references and incorporates an advertisement for the auction of the Dress on co-defendant Bonham's & Butterfield's Auctioneers Corporation ("Bonham's") website.[1] (Complaint ¶ 7). According to the allegations, Mercedes McCambridge gave the Dress to Father Hartke "publicly" in 1973. (Complaint ¶ 8).

We write to request an opportunity to oppose Plaintiff's request for a temporary restraining order before the Court decides how to address the proposed order, and for permission to file a brief in opposition and any supporting materials on or before May 18, 2022. Despite Plaintiff failing to provide notice to Defendants of her request for a TRO, the University seeks the Court's intervention in advance of the May 24 auction. The University seeks to proffer conclusive

---

[1] https://www.bonhams.com/auction/27564/lot/115/an-important-costume-worn-by-judy-garland-as-dorothy-in-the-wizard-of-oz/.

May 12, 2022
Page 2

evidence that Plaintiff's allegations and her request for a TRO are completely without merit or evidentiary support, irresponsibly harming the University's reputation and its students and improperly placing a cloud on title while the Dress proceeds to auction.

Despite Plaintiff's supposed urgency to stop the auction, Plaintiff filed a Complaint on May 3, 2022 ("Complaint") (Dkt. 1), filed a motion for a preliminary injunction and TRO ("Motion") three days later, on May 6 (Dkt. 7), and then filed a defective application for Summons on May 10.  As of May 12, 2022, Plaintiff has yet to serve Defendants with her Complaint, or officially notify Defendants of her request for a TRO, in contradiction of Federal Rule of Civil Procedure 65(b)(2).

The University became aware of Plaintiff's actions because of media coverage, including Plaintiff's own interview with the press.[2]  Due to Plaintiff's eleventh-hour action, and delays caused by deficient filings (*See* Dkt. 3, 9, 10), Plaintiff has left the University only days to rebut the false statements and conclusory allegations in the Complaint or in the Motion.  Moreover, by asserting these unsupported allegations and speaking to the press, Plaintiff prejudiced the Defendant's ability to sell the Dress, despite months of effort to bring the item to auction in support of the University's drama students.

As will be outlined in Defendants' opposition to Plaintiff's request for a TRO, there is no basis in law to grant Plaintiff any interim (or other) relief.  Plaintiff has no Article III standing to sue because she has no property right in the Dress. Probate proceedings in 1987 recognized Father Hartke's vow of poverty as a Dominican priest, including a vow to never accept gifts in his personal capacity. In addition, Plaintiff's Complaint is predicated on pure speculation – without any supporting evidence – when she alleges that in 1973 Mercedes McCambridge (who is deceased) intended to gift the Dress to Father Hartke in his *personal* capacity and that he so accepted. (Complaint ¶ 10).[3]  These allegations are simply not true.  For example, it was reported in a contemporaneous news article in 1973 that "McCambridge credited Father Hartke with helping her through some difficulties with alcoholism and gave the costume to him and the University to benefit the Drama Department."[4]

Further, Plaintiff cannot allege that the Dress was part of the Father Hartke estate because: (1) the University has an unrebutted presumption of ownership through possession of the Dress for nearly 50 years; (2) Father Hartke's estate in 1987 did not list any personal or real property, nor tangible assets of any value, despite widespread knowledge of the Dress at the time; (3) probate proceedings in 1987 recognized Father Hartke's vow of poverty as a Dominican priest, including a vow to never accept gifts in his personal capacity (this vow has been upheld by courts, including the U.S.

---

[2] https://nypost.com/2022/05/07/battle-looms-over-1-5m-wizard-of-oz-dress-found-in-storage-closet/.

[3] Plaintiff states quite publicly that she has no idea who owns the dress. Plaintiff is quoted as saying: "I just want to know who has ownership over this … I'd like to see the documentation." (*See* https://nypost.com/2022/05/07/battle-looms-over-1-5m-wizard-of-oz-dress-found-in-storage-closet/.)

[4] https://www.bonhams.com/auction/27564/lot/115/an-important-costume-worn-by-judy-garland-as-dorothy-in-the-wizard-of-oz/ (paraphrasing a 1973 Tower article, available at https://cuislandora.wrlc.org/islandora/object/tower%3A11991#page/1/mode/1up, at pages 1,7).

May 12, 2022
Page 3

Supreme Court, dating back to at least 1914) (see Order of St. Benedict v. Steinhauser, 234 U.S. 640 (1914)); (4) Father Hartke's consistent conduct as he never took the Dress home, leaving the Dress with the University after retirement in or around 1974, at least 12 years before his death in 1986; and (5) witnesses, including a descendant of one of Father Hartke's siblings, have come forward confirming that the Dress was never part of Father Hartke's estate and was always owned by the University.

Plaintiff's request for TRO is unwarranted.  Notwithstanding Plaintiff's failure to comply with Rule 65(b)(2), Plaintiff respectfully requests the opportunity to object to any interim relief requested by Plaintiff and to permit the auction scheduled for May 24, 2022, to proceed.  We appreciate the Court's attention to this matter and are available at the Court's convenience to discuss this request.

                                              Respectfully submitted,

                                              /s/ *Shawn A. Brenhouse*

                                              Shawn A. Brenhouse
                                              Amin Al-Sarraf (*pro hac vice forthcoming*)
                                              LOCKE LORD LLP

Cc: All counsel (by ECF)