

Ross M. Bagley
Partner
Direct Tel: 212-326-0405
Direct Fax: 212-326-0806
RBagley@PRYORCASHMAN.com

June 6, 2022

**VIA ELECTRONIC CASE FILING**

Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    ***Barbara Ann Hartke v. Bonham's & Butterfield's Auctioneers Corp., et al.*,
Case No. 1:22-cv-3571-PGG (S.D.N.Y.)**

Dear Judge Gardephe:

    We represent Defendant Bonhams & Butterfields Auctioneers Corp. ("Bonhams") in the above-referenced action. Pursuant to Section IV.A. of Your Honor's Individual Rules of Practice, we submit this request for a pre-motion conference in connection with a proposed motion to dismiss the claims against Bonhams pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The grounds for the proposed motion are as follows.

### Summary of the Action[1]

    On May 3, 2022, Plaintiff Barbara Ann Hartke ("Plaintiff") filed her Complaint [D.E. 1] (the "Complaint") against Bonhams, an auction house with its principal place of business in New York, and Defendant Catholic University of America, a private research university located in Washington, D.C. (the "University").

    The Complaint concerns the ownership of a dress that was worn by Judy Garland in the 1939 film *The Wizard of Oz* (the "Dress"). (Compl. ¶¶ 7-8.) Plaintiff alleges that the Dress had been the personal property of her uncle, Father Gilbert V. Hartke, O.P. ("Fr. Hartke"), who died in 1986. Plaintiff further alleges that the Dress was given to Fr. Hartke many years ago while he was working at the University, was lost by Fr. Hartke and was then recovered by the University, who consigned it to Bonhams to sell at auction (the "Auction"). (*Id.*)

---

[1] The facts set forth this letter are based on the allegations of the Complaint, unless otherwise indicated. Bonhams does not, however, concede the accuracy or truthfulness of any of the allegations Plaintiff makes.



Hon. Paul G. Gardephe
June 6, 2022
Page 2

      Plaintiff further alleges that, in connection with the Auction, Bonhams publicly identified the Dress as belonging to the University, which she claims injured her and the Estate of Fr. Hartke by "implying that defendants have title and ownership to the property." (*Id.* ¶¶ 7, 27-29.)

      On this basis, Plaintiff purports to assert three claims for: (1) a declaratory judgment that Plaintiff, not the University, owns the Dress, (2) conversion of the Dress, and (3) false advertising based on the alleged statement in connection with the Auction that the University is the owner of the Dress. (*Id.* ¶¶ 17-29.)

### **Bonhams' Contemplated Motion to Dismiss**

      Only Plaintiff's third claim, for false advertising under the Lanham Act, alleges conduct specific to Bonhams.[2] That claim is premised entirely on the allegation that Bonhams falsely stated that the Dress is owned by the University. Accepting this allegation as true for the purposes of Bonhams' motion, Plaintiff still fails to state a claim for false advertising for two independent reasons. First, she fails to allege any injury to a "commercial interest," resulting from the complained-of statement, and thus lacks standing to bring suit under the Lanham Act. And, second, even if Plaintiff did have standing to bring a false advertising claim, the statement is not actionable because it does not concern the "nature, characteristics, qualities or geographic origin" of the Dress.

      Section 43(a) of the Lanham Act prohibits the use in commerce of any "false or misleading representation of fact, which . . . in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1). To come within the "zone of interests" necessary to have standing to sue for false advertising under the Lanham Act, "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014). To satisfy this inquiry, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the

---

[2] The Complaint does not allege that Bonhams ever claimed to own the Dress, and acknowledges that the Dress came into Bonhams' possession only by virtue of Bonhams' relationship with the University concerning the Auction, pursuant to which, under New York law, Bonhams is the University's agent. *See Mickle v. Christie's, Inc.*, 207 F. Supp. 2d 237, 244 (S.D.N.Y. 2002) ("an auctioneer acts as the agent of the consignor"); *Foxley v. Sotheby's Inc.*, 893 F. Supp. 1224, 1232 n.11 (S.D.N.Y. 1995) (same). Consequently, the facts Plaintiff alleges in support of her claims for declaratory judgment and conversion concern only conduct by the University. To the extent the Court construes these claims to be asserted against Bonhams as well, Bonhams incorporates the arguments for dismissal of these claims set forth in the University's Pre-Motion Letter filed on June 1, 2022 [D.E. 28].



Hon. Paul G. Gardephe
June 6, 2022
Page 3

deception wrought by the defendant's advertising; and that … occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133.

Here, Plaintiff's alleged injury is far outside the "zone of interests" covered by the Lanham Act. She alleges that Bonhams' statement about the ownership of the Dress "intended to harm plaintiff and the Estate of Gilbert V. Hartke by implying that the defendants have title and ownership to the property," (*Id.* ¶ 29), but she does not point to any injury to any commercial interest she holds in reputation or sales.

Nor could Plaintiff allege such an injury. She is not a rival auction house, a dealer of Hollywood memorabilia or engaged in commerce in any way. To the contrary, Plaintiff is a "retired Chicago school teacher," (Compl. ¶ 15), and the only interest she claims is her alleged interest in the Dress as the alleged heir to its alleged owner. (*Id.* ¶¶ 24-26.) As a consequence, the damage she alleges from the statement that the University owns the Dress is not within the "zone of interests" protected by the Lanham Act, and the claim should be dismissed for a lack of standing. *See e.g., Fan v. US Zhimingde Int'l Grp., LLC*, No. 19-cv-1647 (NRB), 2020 WL 433529, at *5 (S.D.N.Y. Jan. 28, 2020) (dismissing Lanham Act false advertising claim where complaint was "devoid of allegations suggesting that plaintiff sells any product that competes with defendant's ... products or otherwise competes with defendant in any market"); *Lang v. Cheung*, No. 19-CV-4775 (ENV) (PK), 2021 U.S. Dist. LEXIS 177857, at *10 (E.D.N.Y. Feb. 22, 2021) (dismissing claim where plaintiff failed to allege that he "and defendants are even competitors, direct or indirect" and "failed to plausibly plead that his commercial interests have been injured, much less that this injury was proximately caused by defendants' actions.") citing *Adweek Ltd. Liab. Co. v. Carnyx Grp., Ltd.*, No. 1:18-cv-09923-GHW, 2019 U.S. Dist. LEXIS 230244, at *5 (S.D.N.Y. June 3, 2019) (dismissing claim for failure to allege injury under *Lexmark*); *see also Souza v. Exotic Island Enters., Inc.*, No. 18-cv-9448 (KMK), 2021 WL 3501162, at  (S.D.N.Y. Aug. 9, 2021), *appeal docketed*, No. 21-2149 (2d Cir. Sept. 8, 2021) (plaintiffs who were not direct competitors, performed different functions within the market and failed to show competitive injury could not maintain false advertising claim).

In addition, for substantially the same reasons as stated in the University's June 1, 2022, Pre-Motion Letter, Plaintiff's Complaint fails to state a Lanham Act false advertising claim because the falsehood she alleges was communicated to the public does not concern the "nature, characteristics, qualities, or geographic origin" of the Dress. *See, e.g.*, *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 308 (S.D.N.Y. 2011). Instead, the alleged falsehood she relies on relates to the ownership of Dress, rather than its quality or authenticity. Accordingly, she does not, and cannot, state the claim, and it should be dismissed.

\*   \*   \*

In light of the foregoing and, as applicable, the arguments set forth in the University's June 1, 2022, Pre-Motion Letter, Bonhams believes that the claims against it should be dismissed, and



Hon. Paul G. Gardephe
June 6, 2022
Page 4

respectfully requests a pre-motion conference for its contemplated motion. Plaintiff has not consented to Bonhams' proposed motion to dismiss.

                                                             Respectfully submitted,

                                                             Ross M. Bagley

cc:      All counsel of record (via ECF)