**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BARBARA ANN HARTKE, an individual
on her own behalf and on behalf of the Estate
of decedent Gilbert V. Hartke,

          Plaintiff,

    v.

BONHAMS & BUTTERFIELDS
AUCTIONEERS CORPORATION, A
DELAWARE CORPORATION; THE
CATHOLIC UNIVERSITY OF AMERICA,
A NON-PROFIT DISTRICT OF
COLUMBIA CORPORATION,

          Defendants.

: : : : : : : : : : : : : : : : : :

Civil Action No.: 22-cv-03571 (PGG)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**JOINT MOTION TO DISMISS**

Amin Al-Sarraf
Shawn A. Brenhouse
LOCKE LORD LLP
*Attorneys for Defendant Catholic*
*University of America*
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
shawn.brenhouse@lockelord.com
amin.alsarraf@lockelord.com

Ross M. Bagley
John M. Kilgard
PRYOR CASHMAN LLP
*Attorneys for Defendant Bonhams &*
*Butterfields Auctioneers Corp.*
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
rbagley@pryorcashman.com
jkilgard@pryorcashman.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

ALLEGED FACTS..............................................................................................2

STANDARD OF REVIEW ....................................................................................4

ARGUMENT .....................................................................................................5

 I.  PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A "CASE OR
    CONTROVERSY" ..................................................................................6

    a.  Plaintiff Fails To Allege A "Case Or Controversy" In Her
      Individual Capacity.................................................................6

    b.  Plaintiff Admits She Is Not A Representative Of The Estate......................7

    c.  Plaintiff's Claims Are Barred By The Probate Exception ..........................8

 II.  PLAINTIFF HAS NOT ALLEGED AN INJURY FOR ARTICLE III
    STANDING ...........................................................................................10

 III. PLAINTIFF FAILS TO ESTABLISH FEDERAL SUBJECT MATTER
    JURISDICTION ......................................................................................12

    a.  There Is No Diversity Jurisdiction.............................................13

    b.  Supplemental Jurisdiction Cannot Be Established Because State
      Law Claims Predominate........................................................13

    c.  The Complaint Fails To Allege A Federal Question Under The
      Lanham Act.........................................................................14

 IV. PLAINTIFF'S FAILS TO ALLEGE A CONVERSION CLAIM .......................18

    a.  The Statute of Limitations Bars a Conversion Claim .................................18

    b.  Plaintiff Has Not Alleged The Requisite Elements For Conversion .........22

 V.  PLAINTIFF FAILS TO ALLEGE SHE IS OWED A DUTY OF CARE............23

CONCLUSION...................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*118 East 60th Owners, Inc. v. Bonner Properties, Inc.*,
  677 F.2d 200 (2d Cir. 1982)....................................................................................20

*Agence France Presse v. Morel*,
  769 F. Supp. 2d 295 (S.D.N.Y. 2011)......................................................................17

*Alexander v. Tyson*,
  2013 U.S. Dist. LEXIS 60867, 2013 WL 1798896 (D. Conn. Apr. 29, 2013)........9

*Alexander v. Wash. Gas Light Co.*,
  481 F. Supp. 2d 16 (D.D.C. February 23, 2006).....................................................24

*Alkasabi v. Washington Mut. Bank, F.A.*,
  31 F. Supp. 3d 101 (D.D.C. 2014) ...........................................................................22

*Ally Financial Inc. v. Wells Fargo Bank, N.A. (In re Residential Capital, LLC)*,
  531 B.R. 25 (Bankr. S.D.N.Y. 2015)........................................................................20

*Almendarez v. PA State Lottery*,
  2017 U.S. Dist. LEXIS 117606, 2017 WL 3190646 (W.D. Pa. July 27, 2017) .....16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................5

*Baez v. Rodriguez*,
  2010 U.S. Dist. LEXIS 154878, 2010 WL 11597564 (S.D.N.Y. September 30,
  2010) ..........................................................................................................................12

*Baker v. Deshong*,
  90 F. Supp. 3d 659 (N.D. Tex. 2014) .......................................................................14

*Bartlett v. Overslaugh*,
  169 F. Supp. 3d 99 (D.D.C. 2016)............................................................................20

*Beermann v. Tauck, Inc.*,
  2021 U.S. Dist. LEXIS 160499, 2021 WL 3773293 (D. Conn. August 25,
  2021) ..........................................................................................................................17

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................5

i

*Berkow v. Hayes*,
841 A.2d 776 (D.C. 2004) ....................................................................................23

*Bernal v. New York Foundling*,
2012 U.S. Dist. LEXIS 161298, 2012 WL 5466452 (E.D.N.Y. November 9,
2012) .....................................................................................................................15

*Bill Diodato Photography LLC v. Avon Prods.*,
2012 U.S. Dist. LEXIS 110988, 2012 WL 3240428 (S.D.N.Y. 2012)...................22

*Blanken v. Harris, Upham & Co.*,
359 A.2d 281 (D.C. 1976) ...................................................................................24

*Brown v. American Legion Cortland City Post 489*,
64 F. Supp. 2d 96 (N.D.N.Y. 1999)...................................................................4, 11

*Bus. Dev. Corp. v. Rutter & Russin, LLC*,
No. 21-3673, 2022 U.S. App. LEXIS 16663 (6th Cir. June 16, 2022)...................10

*Butko v. Chipotle Mexican Grill, Inc.*,
2018 U.S. Dist. LEXIS 62977 (E.D.N.Y. April 12, 2018) ....................................13

*Estate of Capo v. Haquif*,
2019 U.S. Dist. LEXIS 92713 (S.D.N.Y. May 31, 2019)........................................8

*Chevron Corp. v. Naranjo*,
667 F.3d 232 (2d Cir. 2012)................................................................................17

*Concerned Citizens of Cohocton Valley, Inc. v. New York States Dept. of
Environmental Conservation*,
127 F.3d 201 (2d Cir. 1997)................................................................................17

*Conyers v. Rossides*,
558 F.3d 137 (2d Cir. 2009)..................................................................................4

*Correspondent Services Corp. v. First Equities Corp. of Florida*,
442 F.3d 767 (2d Cir. 2006)................................................................................17

*Cortlandt St. Recovery Corp. v. Hellas Telecomms.*,
790 F.3d 411 (2d Cir. 2015)................................................................................11

*Cresswell v. Sullivan & Cromwell*,
922 F.2d 60 (2d Cir. 1990)..................................................................................14

*Curtis v. Lanier*,
535 F. Supp. 2d 89 (D.D.C. 2008) ..................................................................19, 26

*DaCorta v. AM Retail Grp., Inc.*,
  2018 U.S. Dist. LEXIS 10733, 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018) .........................11

*Dedalus Found. v. Banach*,
  2009 U.S. Dist. LEXIS 98606 (S.D.N.Y. Oct. 15, 2009) .........................................15

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)...................................................................26

*Dukes v. Brandeis Univ.*,
  1983 U.S. Dist. LEXIS 12110 (N.D.N.Y. November 1, 1983) ................................10

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
  160 F.3d 925 (2d Cir. 1998)...................................................................13

*Fam. Fed'n' for World Peace v. Hyun Jin Moon*,
  129 A.3d 234 (D.C. 2015) ......................................................................25

*Fan v. US Zhimingde Int'l Grp., LLC*,
  No. 19-cv-1647 (NRB), 2020 WL 433529 (S.D.N.Y. Jan. 28, 2020) ....................17

*Ferring B.V. v. Allergan, Inc.*,
  932 F. Supp. 2d 493 (S.D.N.Y. 2013).......................................................23

*Flocco v. State Farm Mut. Auto. Ins. Co.*,
  752 A.2d 147 (D.C. 2000) ......................................................................24

*Focal Point Films, LLC v. Sandhu*,
  2019 U.S. Dist. LEXIS 219314, 2019 WL 7020209 (N.D. Cal. December 20,
  2019) ...............................................................................................18

*Fox v. Lakeland Leasing*,
  2020 U.S. Dist. LEXIS 228044, 2020 WL 7685292 (D. Minn. Nov. 3, 2020).........8

*Gaines v. Astrazeneca Pharm.*,
  2021 U.S. Dist. LEXIS 197472, 2021 WL 4803846 (S.D.N.Y. October 12,
  2021) ...............................................................................................13

*Gerasimov v. Amalgamated Hous. Corp.*,
  2021 U.S. Dist. LEXIS 250169, 2021 WL 6338522 (S.D.N.Y. Dec. 17, 2021) ....................15

*Global Gaming Phil., LLC v. Razon*,
  2022 U.S. Dist. LEXIS 50244 (S.D.N.Y. March 21, 2022) ................................21

*Greenpeace, Inc. v. Dow Chem. Co.*,
  97 A.3d 1053 (D.C. 2014) ......................................................................24

iii

*Jerry Vogel Music Co. v. Warner Bros.*,
    535 F. Supp. 172 (S.D.N.Y. 1982) ......................................................24

*Joint Stock Co. "Channel One Russ. Worldwide" v. Russian TV Co.*,
    2019 U.S. Dist. LEXIS 27991, 2019 WL 804506 (S.D.N.Y. February 21,
    2019) ......................................................................................18

*Keepers, Inc. v. City of Milford*,
    807 F.3d 24 (2d Cir. 2015)........................................................4, 5, 6, 7

*Kermanshah v. Kermanshah*,
    580 F. Supp. 2d 247 (S.D.N.Y. 2008)..................................................20

*King v. Wang*,
    2018 U.S. Dist. LEXIS 49659, 2018 WL 1478044 (S.D.N.Y. March 26, 2018) ...................10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994)....................................................................13

*Kulbushan Karbal & Noesys, Inc. v. IDD Enters., L.P.*,
    1996 U.S. Dist. LEXIS 1127, 1996 WL 44243 (S.D.N.Y. February 2, 1996) .................18, 19

*Lang v. Cheung*,
    No. 19-CV-4775 (ENV) (PK), 2021 U.S. Dist. LEXIS 177857 (E.D.N.Y. Feb.
    22, 2021) ..................................................................................17

*Leitner-Wise v. Koniag, Inc.*,
    2018 U.S. Dist. LEXIS 210506, 2018 WL 6573306 (D.D.C. December 13,
    2018) ......................................................................................21

*Lennon v. Seaman*,
    63 F. Supp. 2d 428 (S.D.N.Y. 1999)..................................................21

*Lewis v. Parker*,
    67 F. Supp. 3d 189 (D.D.C. 2014) ...................................................23

*Lexmark Int'l', Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)..................................................................16, 17

*Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*,
    19 F.4th 58 (2d Cir. 2021) ...........................................................11

*Mantena v. Johnson*,
    809 F.3d 721 (2d Cir. 2015)............................................................4

*Melendez v. City of New York*,
    16 F.4th 992 (2d Cir. 2021) ...........................................................5

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  613 F. Supp. 2d 437 (S.D.N.Y. March 9, 2009) ....................................................15

*Montero v. City of Yonkers*,
  890 F.3d 386 (2d Cir. 2018).............................................................................................5

*Morrison v. Nat'l Austl. Bank Ltd.*,
  547 F.3d 167 (2d Cir. 2008).............................................................................................4

*Moser v. Pollin*,
  294 F.3d 335 (2d Cir. 2002).............................................................................................9

*OccuNomix Int'l LLC v. N. Ocean Ventures, Inc.*,
  2003 U.S. Dist. LEXIS 17085 (S.D.N.Y. Sep. 26, 2003)...................................14

*Perkins v. Comm'r*,
  970 F.3d 148 (2d Cir. 2020).............................................................................................2

*Porwick v. Fortis Benefits Ins. Co.*,
  2004 U.S. Dist. LEXIS 24432, 2004 WL 2793186 (S.D.N.Y. December 3,
  2004) .............................................................................................................................20

*Rainville v. Boxer Blake & Moore PLLC*,
  2021 U.S. Dist. LEXIS 48515, 2021 WL 949415 (D. Vt. Mar. 12, 2021) ...........16

*Restellini v. Wildenstein Plattner Inst. Inc.*,
  2021 U.S. Dist. LEXIS 181149, 2021 WL 4340824 (S.D.N.Y. September 22,
  2021) .............................................................................................................................18

*Rex - Real Estate Exch., Inc. v. Zillow Inc.*,
  2021 U.S. Dist. LEXIS 167281 (W.D. Wash. September 2, 2021)......................19

*Sandza v. Barclays Bank PLC*,
  151 F. Supp. 3d 94 (D.D.C. 2015) .................................................................................21

*Sea Search Armada v. Republic of Colom.*,
  821 F. Supp. 2d 268 (D.D.C. 2011) ...............................................................................20

*Seniw v. Bagwell*,
  2021 U.S. Dist. LEXIS 92750, 2021 WL 1946407 (D. Conn. May 14, 2021)........15

*Smith v. BarnesandNoble.com, LLC*,
  2014 U.S. Dist. LEXIS 134073, 2014 WL 4828107 (S.D.N.Y. September 22,
  2014) .............................................................................................................................18

*Solomon v. City of New York*,
  66 N.Y.2d 1026, 499 N.Y.S.2d 392, 489 N.E.2d 1294 (1985)................................25

*Songbyrd, Inc. v. Estate Grossman,*
    23 F. Supp. 2d 219 (N.D.N.Y. 1998)................................................................20

*Spotless Enters., Inc. v. Carlisle Plastics, Inc.,*
    56 F. Supp.2d 274 (E.D.N.Y. 1999) ...............................................................16

*Staehr v. Hartford Fin. Servs. Group,*
    547 F.3d 406 (2d Cir. 2008)............................................................................22

*Stuart & Sons, L.P. v. Curtis Publ. Co.,*
    456 F. Supp. 2d 336 (D. Conn. 2006).............................................................20

*United States v. Walters,*
    510 F.2d 887, 890 ..............................................................................................3

*USHA Holdings, LLC v. Franchise India Holdings, Ltd.,*
    11 F. Supp. 3d 244 (E.D.N.Y. 2014) ..............................................................21

*Van Beneden v. Al-Sanusi,*
    12 F. Supp. 3d 62 (D.D.C. 2014).......................................................................7

*Volunteer Firemen's Ins. Servs. v. McNeil & Co.,*
    221 F.R.D. 388 (W.D.N.Y. 2004)...................................................................19

*Warth v. Seldin,*
    422 U.S. 490 (1975)...........................................................................................6

*Wash. Gas Light Co. v. Pub. Serv. Comm'n,*
    61 A.3d 662 (D.C. 2013) .................................................................................24

*West Hartford v. Operation Rescue,*
    915 F.2d 92 (2d Cir. 1990)...............................................................................15

**Statutes**

28 U.S.C. § 1331 ...................................................................................................13
28 U.S.C. § 1332(a)(1)...........................................................................................13
28 U.S.C. § 1332(c)(2)...........................................................................................13
D.C. Code § 12-301(2)......................................................................................19, 26
D.C. Code § 20–108.01..........................................................................................23
D.C. Code § 20–1303.............................................................................................23
D.C. Code §§ 20–501...............................................................................................8
D.C. Code § 20-704...............................................................................................22
Lanham Act, 15 U.S.C. § 1125(a) .......................................................................1, 6
Lanham Act Section 43(a), 15 U.S.C. § 1125(a)(1) .............................................16
New York Debtor and Credit Law § 270...............................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................................................................5, 26

Fed. R. Civ. P. 12(h)(3)............................................................................................13

Fed. R. Civ. Proc. 17(b)(3) .......................................................................................8

Fed. R. Evid. 803(16).................................................................................................12

Federal Rules of Civil Procedure 12(b)(1) and (b)(6) ............................................1, 2

FRCP 12(b)(1) ....................................................................................................1, 4, 11

R. Civ. P. 60(b) .........................................................................................................10

R. Evid. 902(6).........................................................................................................12

Rule 9(b) ....................................................................................................................19

Rule 56 .......................................................................................................................11

Defendants The Catholic University of America (the "University") and Bonhams and Butterfields Auctioneers Corp. ("Bonhams" and, together with the University, "Defendants") submit this Memorandum of Law in support of Defendants' Joint Motion to Dismiss the Amended Complaint filed by plaintiff Barbara Ann Hartke ("Plaintiff"), "an individual on her own behalf and on behalf of the Estate of decedent Gilbert V. Hartke" ("Complaint") (Dkt. 39), under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which the Court can grant relief.

## PRELIMINARY STATEMENT

Plaintiff brings this action against the University alleging, incorrectly, that the Estate of Gilbert V. Hartke ("Estate") owns a dress worn by Judy Garland in "*The Wizard of Oz*" (the "Dress"), that the University converted the Dress, that the University falsely advertised the Dress's ownership in violation of the Lanham Act, 15 U.S.C. § 1125(a), and that the University breached its duty of care with respect to the Dress.  (Compl. ¶¶ 18-30, 35-37.)  Plaintiff alleges these same claims against Bonhams, the auction house contracted by the University to auction the Dress, with the exception of her claim for breach of the duty of care.

Plaintiff's causes of action fail, as a matter of law, for several independent reasons.  First, Plaintiff's claims do not satisfy Article III requirements.  This is because, whether as an individual or putatively on behalf of the Estate, Plaintiff does not adequately allege an interest in the Dress, or an injury to that interest.  Likewise, Plaintiff's claims are barred by the probate exception.  As a result, there is no case or controversy and the Complaint should be dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1).

1

Second, this Court does not have subject matter jurisdiction over Plaintiff's claims for the independent reason that Plaintiff, as a putative representative of the Estate, is deemed a citizen of the same state as the University and therefore there is no diversity. Nor does jurisdiction arise owing to Plaintiff's sole claim under the federal Lanham Act (Cause of Action No. 3), because the Complaint fails to allege a statutory commercial injury or a misrepresentation of the "nature, characteristics, qualities or geographic origin" of the Dress. Moreover, the state claims (*i.e.*, claims related to the probate of Father Gilbert A. Hartke's estate) predominate this federal claim, undermining any reason for this Court to assert supplemental jurisdiction.

Finally, Plaintiff's claims are subject to dismissal for the additional reasons that she fails to allege an ownership interest in the Dress sufficient to state a claim for declaratory judgment; her conversion claim is barred by the applicable statute of limitations; and Plaintiff fails to plausibly allege any duty owed to the Estate or Plaintiff. Accordingly, the Court should dismiss the Complaint in its entirety pursuant to FRCP 12(b)(1) and (b)(6).

## **ALLEGED FACTS**

Plaintiff alleges that Father Hartke was "a Roman Catholic priest" who was "long employed as a University Professor and Drama Department Chairman," and that she is his niece and one of many alleged "heirs" to his Estate. (Compl. ¶ 1, 9, 11, 14, 16.) Plaintiff has also submitted sworn testimony that Father Gilbert V. Hartke remained a member of the Dominican Order and served in the University until his death. (Hartke Certification ¶ 4).[1]

---

[1] While not stated in the Complaint, Plaintiff submitted a "certification" setting forth additional factual claims of which the Court may judicially notice where they are undisputed by Defendants, including that Father Gilbert V. Hartke was ordained as a priest of the Order of Preachers (O.P.), also known as the Dominicans. Barbara Ann Hartke Certification ¶ 3 ("Hartke Certification") (Dkt. No. 24). *See, e.g., Perkins v. Comm'r*, 970 F.3d 148, 152 n.2 (2d Cir. 2020) (taking judicial

The Complaint alleges that the Dress was worn by Judy Garland as Dorothy in *The Wizard of Oz* and that it was later owned by actress Mercedes McCambridge, who "specifically and publicly gave" the Dress to Father Hartke more than ten years before Hartke passed away on February 21, 1986, in the District of Columbia, where his Estate was the subject of probate proceedings.  (Compl. ¶¶ 6-8.)

In those proceedings, the Estate closed with an inventory of no personal property, and a member of the Dominican Order, Joseph P. Allen, O.P. ("Father Allen"), served as the personal representative for the Estate. (*Id*. ¶ 6)[2]

Following Father Hartke's death and the closing of his Estate, the Dress remained on the University campus and was "relocated" to another location by the University in 2021.  (Compl. ¶ 9).  The University subsequently provided the Dress to Bonhams to be auctioned in May, 2022. (*Id.* ¶ 7.)  In connection with the auction, the Dress was identified online, with a provenance of Mercedes McCambridge and the University.  (Compl. ¶ 7.)

Plaintiff commenced this action on or about May 3, 2022, and obtained a temporary restraining order enjoining the sale of the Dress at the auction on May 23, 2022.  After filing the original complaint and enjoining the sale of the Dress by falsely identifying Plaintiff as a representative of the Estate, Plaintiff applied to the Superior Court of the District of Columbia, Probate Division on or about June 13 2022, to "reopen the Estate and to succeed Father Allen as personal representative as a new asset…had been discovered" (*Id.* ¶ 17).

---

notice of filings concerning the same parties and subject matter before the Court, when neither party disputes the contents of those filings, for the truth of the matters asserted therein).

[2] This Court can take judicial notice of the filings in the probate proceedings reflecting that Notices were sent to heirs and other interested parties. *E.g., United States v. Walters*, 510 F.2d 887, 890 n.4 (3d Cir. 1975) (permitting judicial notice of briefs and petitions filed in state courts); *see* Dkt. 21-11, Exs. C at 2 and D at 5.

## STANDARD OF REVIEW

"A court may dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional power to adjudicate the case. The burden of demonstrating federal jurisdiction is on the party seeking to invoke it, which, in this case, is plaintiff." *Brown v. American Legion Cortland City Post 489*, 64 F. Supp. 2d 96, 99 (N.D.N.Y. 1999).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison*, 547 F.3d at 170 (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). Moreover, "'[t]he party invoking federal jurisdiction bears the burden of establishing prudential and constitutional standing.'" *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015) (citation omitted). For constitutional standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that can likely be redressed by a favorable decision. *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). Prudential standing embodies "judicially self-imposed limits on the exercise of federal jurisdiction, and includes the general prohibition on a litigant's raising another person's legal rights. *See Keepers, Inc.*, at 39.

Dismissal is also appropriate where plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a court must take all allegations in the complaint as

true and in the light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as factual allegation[s]," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Rather, courts require "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "The complaint's allegations . . . must be 'plausible on [their] face,' a standard that 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018); *see Twombly*, 550 U.S. 544, 567 (2007) (finding claim implausible where "obvious alternative explanation" for challenged conduct existed); *see also Melendez v. City of New York*, 16 F.4th 992, 1013 (2d Cir. 2021).

## ARGUMENT

In her Complaint, Plaintiff asserts four claims for relief: (1) a claim seeking a declaration concerning the ownership over the Dress; (2) a claim for conversion of the Dress; (3) a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a); and (4) a duty of care violation.[3] Each of them fail for the general reasons that Plaintiff cannot establish an injury sufficient to establish standing and also because Plaintiff has failed to plausibly allege their elements.

---

[3] Plaintiff asserts a "cause of action" for relief in the form of an "injunction" however that claim is now moot to the extent Plaintiff's interim relief for an injunction was granted. [Dkt. No. 26]

## I.     PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A "CASE OR CONTROVERSY"

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' or 'Controversies.' 'One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue.'" *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 38-39 (2d Cir. 2015) (citations omitted).  "One purpose of standing doctrine is to ensure that 'the plaintiff at issue is the appropriate plaintiff to bring a claim.'" *Id.* at 39 (citations omitted).  "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

### a.     Plaintiff Fails To Allege A "Case Or Controversy" In Her Individual Capacity

Plaintiff contends the "actual" case or controversy in this case concerns "the title to the dress." (Compl. ¶ 20.)  However, the Complaint does not allege that Plaintiff Barbara Ann Hartke individually holds any rights to the Dress; it instead alleges that the Estate of Gilbert V. Hartke owns the Dress.  (*Id*. ¶ 6 ("property that belongs to the Estate of Gilbert V. Hartke")).  According to the Complaint itself, Plaintiff, as an individual, thus has no "case or controversy" against the University or Bonhams.

Moreover, Plaintiff's purported status as an heir to the Estate does not itself create a case or controversy, because, as Plaintiff admits in her Complaint, she must first commence a probate proceeding to apply to reopen the Estate in order to become the representative of the Estate.  (*See* Compl. ¶ 17.)  Consequently, it is for the probate court in the District of Columbia to decide whether to "reopen the Estate", appoint Plaintiff as the "personal representative" of the Estate, and/or include "a new asset", the Dress, in the Estate.  (S*ee Id*.)  Plaintiff's claims are thus either

premature, since she is not yet the representative of the Estate who can assert an interest in the Dress in that capacity, or fail as a matter of law because Plaintiff is asking this Court to re-litigate issues already decided in the Superior Court of the District of Columbia, Probate Division, more than 35 years ago. (Compl. ¶ 17).

For these reasons, Plaintiff's attempt to assert rights on behalf of an Estate she does not represent runs afoul of the "prudential standing rule" in that she is attempting to assert "the rights or legal interests of others…." *Keepers, Inc.*, 807 F.3d at 40.  As the Estate is a separate legal entity, and Plaintiff is not its representative (as erroneously stated in the Complaint), Plaintiff's attempt to seek relief from purported injury to the Estate in her individual capacity is barred.  *E.g.,* Compl. ¶ 37; *see Van Beneden v. Al-Sanusi*, 12 F. Supp. 3d 62, 72 n.10 (D.D.C. 2014) (Plaintiff "has no standing to sue" because she is not a "putative representative of [the] estate").

In short, as the Dress does not currently belong to the Estate, no putative heirs, including Plaintiff, have any current interest in the Dress and, without such an interest in the Dress, Plaintiff cannot allege any claims against Defendants in her personal capacity. Consequently, Plaintiff's claims must be dismissed because there is no "case or controversy" within Article III.

**b.    Plaintiff Admits She Is Not A Representative Of The Estate**

Additionally, Plaintiff has misrepresented to the Court that she is suing "on behalf of the Estate of decedent Gilbert V. Hartke," Compl. at 1, or "on behalf of any other living and rightful heirs of his Estate," Compl. ¶ 11.  However, in her Complaint, as amended, Plaintiff concedes that she is not a representative of the Estate, and is only now seeking to "reopen" the Estate's probate proceeding to become one.  In other words, Plaintiff's Complaint makes clear that she did not receive any authorization to sue on behalf of the Estate or all heirs when she filed her Complaint. She did not follow (nor does she allege to have done so) the D.C. probate court's procedures or

satisfy any of the requirements to represent an estate that was closed some 35 years ago.  *See* D.C. Code §§ 20–501 ("Conditions of appointment"); 20-502 (bond requirement); 20-503 (letter from Register requirement); *see generally* Fed. R. Civ. Proc. 17(b)(3) (noting the capacity to sue requirements turn on state law).

Further, Plaintiff's Complaint fails to allege that she succeeded the existing (or then-) personal representative of the Estate, Father Allen, when the Estate was in probate in 1986.  *See* Compl. ¶ 6; Dkt. 22-11, Ex. C-E.

Therefore, Plaintiff "lack[s] the requisite legal capacity to bring this action because" she is not the "duly appointed personal representative[ ] of Decedent's estate."  *Estate of Capo v. Haquif*, 2019 U.S. Dist. LEXIS 92713, *9 (S.D.N.Y. May 31, 2019) (citing authorities).  Her claims must be dismissed on that basis alone.  *Id.*; *accord Fox v. Lakeland Leasing*, 2020 U.S. Dist. LEXIS 228044, *8, 2020 WL 7685292 (D. Minn. Nov. 3, 2020) ("In short, Richard lacks capacity to maintain this action on behalf of Jerry's estate under California law, and thus lacks capacity to do so here.  As a result, his complaint should be dismissed.").  Without any formal representation of the Estate in this action, there is no case or controversy at this time under Article III.

### c.  Plaintiff's Claims Are Barred By The Probate Exception

Plaintiff's claims to the Dress, either as an individual or on behalf of the Estate, also fail because they violate the probate exception to federal jurisdiction.  *See Alexander v. Tyson*, 2013 U.S. Dist. LEXIS 60867, *8, 2013 WL 1798896 (D. Conn. Apr. 29, 2013).

As relevant here, "'the probate exception asks whether entertaining [an] action would cause the federal district court to 'interfere with the probate proceedings or assume general jurisdiction of the probate or control of property in the custody of [a] state court.'"  *Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)).  Thus, "'[a]n

impermissible interference for purposes of the probate exception might arise in one of three ways: if, by adjudicating the complaint, the federal district court (1) 'interferes with the probate proceedings;' (2) 'assumes general jurisdiction of the probate;' or (3) asserts 'control of property in the custody of the state court.'" *Id.*

Here, the entirety of Plaintiff's Complaint falls within the probate exception because each of Plaintiff's claims is predicated upon a purported property interest of the Estate, which has long been closed. Further, assuming Plaintiff's central allegation to be true (*i.e.*, that the Dress is property of the Estate), adjudicating Plaintiff's or the Estate's rights in the Dress would require this Court to take "control of [] property in the custody of the State Court." *Id.* And, ultimately, any decision by this Court concerning Plaintiff's or the Estate's individual rights to Estate property would, at best, only serve as an advisory opinion to the probate court and at worst would interfere with, or directly conflict with, re-opened probate proceedings.

Equally, Plaintiff's allegation of fraud by Father Joseph P. Allen, O.P., the personal representative of the Estate during the 1986 probate proceedings in Washington, D.C., Compl. ¶ 6, is a claim properly asserted in the D.C. court where the proceedings took place. *See Dukes v. Brandeis Univ.,* 1983 U.S. Dist. LEXIS 12110, *15 (N.D.N.Y. November 1, 1983) (agreeing with the rule that "[a] plaintiff who claims that fraud, concealment, or misrepresentation by the defendant prevented assertion of the complete claim in the first action should be required to apply to the court that entered the first judgment for permission to maintain the second action."); D.C. Super. Ct. R. Civ. P. 60(b);.[4] Under any formulation, this Court has no jurisdiction to adjudicate

---

[4] *See also Bus. Dev. Corp. v. Rutter & Russin, LLC,* No. 21-3673, 2022 U.S. App. LEXIS 16663, at *9 (6th Cir. June 16, 2022) (interpreting the Ohio equivalent of Rule 60(b) as requiring a party "to reopen the judgment *in the court that entered it* if the party can establish one of the rule's grounds.") (emphasis added).

an individual heir's allegation of a defect in the administration of Estate property.  *See King v. Wang*, 2018 U.S. Dist. LEXIS 49659, *26-27, 2018 WL 1478044 (S.D.N.Y. March 26, 2018) ("Plaintiffs allege that the stolen artwork belonged to the Estate at the time of C.C. Wang's death. . . . Accordingly, because the property and assets of the Estate are under the control of the Surrogate's Court, the probate exception applies to Plaintiffs' claims for constructive trust, replevin, and violations of New York Debtor and Credit Law § 270. The Court dismisses these claims for lack of jurisdiction.").

As a consequence, Plaintiff's claims should be dismissed as a matter of law because they are barred by the "probate exception."

## II.  PLAINTIFF HAS NOT ALLEGED AN INJURY FOR ARTICLE III STANDING

Even were Plaintiff authorized to represent the Estate's interests, she must plausibly assert or establish a right to the Dress's title and an injury-in-fact to that right to title on behalf of the Estate.  But Plaintiff has not plausibly asserted, whether facially or factually, a claim to the Dress's "title" on "which a cloud could settle." *See Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) ("In short, the Maddoxes had no title on which a cloud could settle."); *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-19 (2d Cir. 2015).

Standing challenges pursuant to Federal Rule of Civil Procedure 12(b)(1) can be facial or factual.  *Carter*, 822 F.3d at 56; *DaCorta v. AM Retail Grp., Inc.,* 2018 U.S. Dist. LEXIS 10733, 2018 WL 557909, at *3 (S.D.N.Y. Jan. 23, 2018).  A facial challenge considers the sufficiency of the allegations in the complaint to support standing.  *Carter*, 822 F. 3d at 56.  A factual challenge, on the other hand, questions the existence of standing. *Id.* at 57.  "[U]nlike a 12(b)(6) motion, consideration of a 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which

10

determine jurisdiction.' . . . This type of a Rule 12(b)(1) motion need not be converted into a Rule 56 motion where extra pleading materials are considered." *Brown v. American Legion Cortland City Post 489*, 64 F. Supp. 2d 96, 99 (N.D.N.Y. 1999). Here, Plaintiff's claims for the Estate fail under either a facial or factual inquiry.

As a facial matter, Plaintiff's assertions that the Dress is property of the Estate are wholly speculative and fail on their face. First, the Estate was probated more than 35 years ago, after Father Hartke's death, and no personal property (including the well-known Dress) was part of the probate. *See* Compl. ¶ 6. Also, Plaintiff has failed to allege any *facts* relating to the propriety of the probate proceeding administered by the Estate's personal representative, Father Allen, and his lawyer. *See, e.g., Baez v. Rodriguez*, 2010 U.S. Dist. LEXIS 154878, *26, 2010 WL 11597564 (S.D.N.Y. September 30, 2010) (applying a "presumption of regularity"—*i.e.*, a will prepared and executed under the supervision of an attorney is a "circumstance that triggers a presumption of regularity").

Similarly, as a factual matter, Plaintiff's factual allegations do not establish her standing, including because they do not overcome the ample and compelling evidence contradicting her claim of ownership, either by the Estate or herself.[5] Moreover, Father Hartke's vow of poverty (which the D.C. probate proceedings relied upon) states quite clearly that Father Hartke never received temporal goods in his personal capacity (and that any such purported gifts were void).[6]

---

[5] The University offered contemporaneous statements from when the Dress was donated to the University, supporting the University's ownership interest, including newspaper articles demonstrating Ms. McCambridge's intention to gift the Dress to the University. *See* Fed. R. Evid. 803(16); (Dkt. 21-11, Exhibits G and H are excerpts from newspaper articles and thus are self-authenticating under Fed. R. Evid. 902(6)).

[6] In reply to the University's opposition to Plaintiff's request for an injunction, Plaintiff's counsel cited to a 2002 biography in support of the requested relief. (Dkt. No. 25). However, Plaintiff failed to include a pertinent portion of the biography where Father Hartke is quoted as saying "I have a

(Dkt. 21-11, Ex. B).   Accordingly, Plaintiff also fails to satisfy her burden to demonstrate, factually, that she has standing to assert an interest in the Dress in this litigation.

## III.   PLAINTIFF FAILS TO ESTABLISH FEDERAL SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).   "Jurisdiction is available in federal court only when a 'federal question' is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' Fed. R. Civ. P. 12(h)(3)."   *Gaines v. Astrazeneca Pharm.*, 2021 U.S. Dist. LEXIS 197472, *4, 2021 WL 4803846 (S.D.N.Y. October 12, 2021).   For "diversity jurisdiction," district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a)(1).   Complete diversity between all parties is required for a federal court to exercise diversity jurisdiction over a matter. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998).

---

vow of poverty; I can't personally own anything" and had to "take [gifts] in the name of the speech and drama department of Catholic University" or the "Dominican community…".   Mary Jo Santo Pietro, FATHER HARTKE: HIS LIFE AND LEGACY TO THE AMERICAN THEATER 236 (2002); *see also* id. at xi ("he was, before all else, a Dominican friar . . . professing a life of poverty . . .").

### a.     There Is No Diversity Jurisdiction

As the Complaint is now pled, Plaintiff's alleged status as a "legal representative of the [E]state" eliminates the possibility of diversity jurisdiction as a basis for subject matter jurisdiction.  Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"  Therefore, Plaintiff "shall be deemed to be a citizen" of the State of Father Hartke, which is the District of Columbia.  *Id*.; *see also Butko v. Chipotle Mexican Grill, Inc.,* 2018 U.S. Dist. LEXIS 62977, *3 (E.D.N.Y. April 12, 2018).  The Catholic University of America is also a citizen of the District of Columbia. (Compl. ¶ 4.) Therefore, complete diversity does not exist and this case must be dismissed for lack of subject matter jurisdiction.  *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).

### b.     Supplemental Jurisdiction Cannot Be Established Because State Law Claims Predominate

The Complaint must also be dismissed under a supplemental jurisdiction analysis because the state claims of conversion and breach of duty substantially predominate over the Lanham Act claims – the only federal cause of action alleged.  (*See, e.g.,* Compl. ¶¶ 25-37, 35-37.)

Here, while the state law claims do not raise a novel or complex issue of state law, the state law claims substantially predominate over Plaintiff's the Lanham Act claim.  *See OccuNomix Int'l LLC v. N. Ocean Ventures, Inc.,* 2003 U.S. Dist. LEXIS 17085, at *4 (S.D.N.Y. Sep. 26, 2003) ("Because the federal claim is only tangentially related to the real subject of this dispute, the 'substantially predominates' standard of § 1367(c)(2) is easily met."); *Baker v. Deshong*, 90 F. Supp. 3d 659, 666 (N.D. Tex. 2014).  Indeed, the real issues in this dispute involve the ownership, title and possession of the Dress.  The Lanham Act claim is tangential to those issues, at best.

13

Further, the Lanham Act claim as alleged cannot be decided until such time as the state law claims for conversion are determined. "The 'substantially predominates' standard is met if the 'state claim constitutes the real body of a case, to which the federal claim is only an appendage" and "litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 613 F. Supp. 2d 437, 443 (S.D.N.Y. March 9, 2009) (citation omitted).[7]

As a consequence, because the state law claims predominate over the Lanham Act claim, there is no ground for the Court to assert supplemental jurisdiction over this case.

### c.      The Complaint Fails To Allege A Federal Question Under The Lanham Act

Plaintiff also fails to plead a federal question that would confer jurisdiction upon the Court because she fails to allege a claim under the Lanham Act. *See Gerasimov v. Amalgamated Hous. Corp.*, 2021 U.S. Dist. LEXIS 250169, *9, 2021 WL 6338522 (S.D.N.Y. Dec. 17, 2021) ("lack of subject matter jurisdiction because he has not plausibly pleaded a federal question that would confer jurisdiction upon the Court"); *see also Seniw v. Bagwell*, 2021 U.S. Dist. LEXIS 92750, *9, 2021 WL 1946407 (D. Conn. May 14, 2021); *Bernal v. New York Foundling*, 2012 U.S. Dist. LEXIS 161298, *7, 2012 WL 5466452 (E.D.N.Y. November 9, 2012); *see generally West Hartford v. Operation Rescue*, 915 F.2d 92, 99 (2d Cir. 1990) ("the test is whether 'the cause of action alleged is so patently without merit as to justify… the court's dismissal for want of jurisdiction.'") (citation omitted.)

---

[7] Plaintiff's Complaint and ancillary filings fail to consider the effect of having to litigate concurrent cases involving a property interest in the Estate. *See* Compl. ¶ 6.  *See also Dedalus Found. v. Banach*, 2009 U.S. Dist. LEXIS 98606, at *18-19 (S.D.N.Y. Oct. 15, 2009) ("The values of economy, convenience, fairness, and comity are promoted by declining supplemental jurisdiction. . . . The parties have not proceeded beyond the initial stages of litigation before this Court, and an extensive factual record does not yet exist.").

To state a prima facie claim of false advertising under the Lanham Act, a plaintiff must allege that a defendant: "(1) made false representations, (2) [concerning plaintiff's or defendant's] goods, (3) in interstate commerce, (4) in commercial advertising or promotion, (5) about a material facet of [the] product, (6) that caused damage to [the plaintiff]." *Spotless Enters., Inc. v. Carlisle Plastics, Inc.*, 56 F. Supp.2d 274, 277 (E.D.N.Y. 1999) (citations omitted).

### i.    Plaintiff Does Not Allege Any Injury Under The Lanham Act

First, Plaintiff does not and cannot assert any injury to any commercial interest in reputation or sales, as required for a Lanham Act claim. In *Lexmark Int'l', Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 121 (2014), the U.S. Supreme Court addressed a question of statutory interpretation regarding Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1). Specifically, the Supreme Court held that "[t]o invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Id.* at 140; *see also Rainville v. Boxer Blake & Moore PLLC*, 2021 U.S. Dist. LEXIS 48515, *21, 2021 WL 949415 (D. Vt. Mar. 12, 2021) (barring amendment as futile because plaintiff "does not allege that she was in competition with the Firm during the relevant period, nor does she plausibly allege that a statement on the Firm's website has taken business from her or damaged her professional reputation"); *Almendarez v. PA State Lottery*, 2017 U.S. Dist. LEXIS 117606, *7, 2017 WL 3190646 (W.D. Pa. July 27, 2017) ("Here, plaintiff did not assert that he is a commercial plaintiff or that the alleged false advertising harmed his commercial interest").

Here, Plaintiff fails even to allege an injury to any commercial interest in reputation or sales. Indeed, she admits that she is a "retired Chicago school teacher," Compl. ¶ 15, and fails to allege any relevant injury whatsoever in her Complaint. As a result, Plaintiff's Lanham Act claim

fails as a matter of law.[8]   *See e.g., Fan v. US Zhimingde Int'l Grp., LLC*, No. 19-cv-1647 (NRB), 2020 WL 433529, at *5 (S.D.N.Y. Jan. 28, 2020) (dismissing Lanham Act false advertising claim where complaint was "devoid of allegations suggesting that plaintiff sells any product that competes with defendant's ... products or otherwise competes with defendant in any market"); *Lang v. Cheung*, No. 19-CV-4775 (ENV) (PK), 2021 U.S. Dist. LEXIS 177857, at *10 (E.D.N.Y. Feb. 22, 2021) (dismissing claim where plaintiff failed to allege that he "and defendants are even competitors, direct or indirect" and "failed to plausibly plead that his commercial interests have been injured, much less that this injury was proximately caused by defendants' actions.") citing *Adweek Ltd. Liab. Co. v. Carnyx Grp., Ltd.*, No. 1:18-cv-09923-GHW, 2019 U.S. Dist. LEXIS 230244, at *5 (S.D.N.Y. June 3, 2019) (dismissing claim for failure to allege injury under *Lexmark*).

### ii.   Plaintiff Fails To Allege Any Misrepresentation Under The Lanham Act

Plaintiff also fails to allege false representations necessary to support a Lanham Act claim because any alleged falsity must be tied to the "the nature, characteristics, qualities, or geographic origin" of the Dress.  *See, e.g., Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 308 (S.D.N.Y. 2011).  Here, to the extent Plaintiff has alleged representations about the Dress, they relate only to

---

[8] To the extent that Plaintiff asserts a claim under the Declaratory Judgment Act such allegations are "procedural only . . . and do[] not create an independent cause of action," where jurisdiction is otherwise lacking.  *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012); *see Beermann v. Tauck, Inc.*, 2021 U.S. Dist. LEXIS 160499, *8-9, 2021 WL 3773293 (D. Conn. August 25, 2021). "[T]he Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts. . . . , there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Correspondent Services Corp. v. First Equities Corp. of Florida*, 442 F.3d 767, 769 (2d Cir. 2006) (citations omitted); *see also Concerned Citizens of Cohocton Valley, Inc. v. New York States Dept. of Environmental Conservation*, 127 F.3d 201, 206 (2d Cir. 1997) (holding that the Declaratory Judgment Act does not enlarge the jurisdiction of federal courts and that a declaratory judgment action must have an independent basis for subject matter jurisdiction).

the authority to sell the Dress, not its nature, characteristics, qualities or geographic origin.  *See Joint Stock Co. "Channel One Russ. Worldwide" v. Russian TV Co.*, 2019 U.S. Dist. LEXIS 27991, *24, 2019 WL 804506 (S.D.N.Y. February 21, 2019) (misleading customers about the right to broadcast program does not fall within the scope of the Lanham Act); *see also Restellini v. Wildenstein Plattner Inst. Inc.*, 2021 U.S. Dist. LEXIS 181149, *23, 2021 WL 4340824 (S.D.N.Y. September 22, 2021) (dismissing Lanham Act claim because the allegation "centers around the ownership and authorship of the ideas in the Modigliani Materials, not any statements about the physical product which contains those ideas"); *Smith v. BarnesandNoble.com, LLC*, 2014 U.S. Dist. LEXIS 134073, *10, 2014 WL 4828107 (S.D.N.Y. September 22, 2014) (rejecting claim under Lanham Act alleging misrepresentations surrounding the authorization to sell books); *Focal Point Films, LLC v. Sandhu*, 2019 U.S. Dist. LEXIS 219314, *16, 2019 WL 7020209 (N.D. Cal. December 20, 2019) (describing numerous cases dismissing Lanham Act claims based on disputes of ownership and authorship); *Kulbushan Karbal & Noesys, Inc. v. IDD Enters., L.P.*, 1996 U.S. Dist. LEXIS 1127, *4, 1996 WL 44243 (S.D.N.Y. February 2, 1996) (dismissing Lanham Act claim because "the only actual dispute between the parties surrounds ownership, and that is a question for the courts of New York State to decide on the basis of the facts and any agreements between the parties.").

Similar to *Kulbushan Karbal,* the alleged misrepresentation in this case does not concern the inherent source or the physical qualities of the Dress because all parties agree the Dress is authentic and was worn by Judy Garland and produced for *The Wizard of Oz.*  (*E.g.,* Compl. ¶ 13.) Instead, Plaintiff's Complaint concerns a claim to title or ownership of the Dress under state (probate) law.  *Compare* Compl. ¶ 30 *with Kulbushan Karbal & Noesys, Inc. v. IDD Enters., L.P.,*

1996 U.S. Dist. LEXIS 1127, *4 (noting that ownership question here is a question for the state law).

Accordingly, Plaintiff does not assert a plausible Lanham Act claim because she fails to allege the fundamental element of a false representation about the nature, characteristics, quality or origin of the Dress.

### iii.    Plaintiff's Lanham Act Claim Does Not Meet Rule 9(b) Standards

If the Lanham Act claims are not dismissed for the reasons articulated above (*supra* Section III, b, i, ii) Plaintiff still fails to abide by Rule 9(b) requirements.  When Plaintiff alleges intentional misrepresentations as she does here, Compl. ¶ 30, the Rule 9(b) pleading standard applies, *Volunteer Firemen's Ins. Servs. v. McNeil & Co.*, 221 F.R.D. 388, 393 (W.D.N.Y. 2004), and "such allegations must specify . . . how [the defendant] knew [the advertisement] was false." *Rex - Real Estate Exch., Inc. v. Zillow Inc.*, 2021 U.S. Dist. LEXIS 167281, *27 (W.D. Wash. September 2, 2021).  Here, Plaintiff has not pled any facts regarding Defendants' knowledge of their purportedly false advertisement or that they believe the Dress did not belong to the University.  On that basis, Plaintiff's Lanham Act claim fails as a matter of law.

## IV.    PLAINTIFF'S FAILS TO ALLEGE A CONVERSION CLAIM

### a.    The Statute of Limitations Bars a Conversion Claim

Plaintiff's conversion claim (a state law claim) is barred by the statute of limitations because under D.C. law a conversion claim carries a three-year statute of limitations.  D.C. Code § 12-301(2)); *see also Curtis v. Lanier*, 535 F. Supp. 2d 89, 95 (D.D.C. 2008) ("D.C. Code § 12-301(2) provides a three year statute of limitations for the recovery of personal property or damages for its unlawful detention").  Further, "[w]hen the declaratory judgment sought by a plaintiff would declare his entitlement to some affirmative relief, his suit is time-barred if the applicable

limitations period has run on a direct claim to obtain such relief.  What determines the applicable limitations period is 'the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Act had not been adopted.'"  *118 East 60th Owners, Inc. v. Bonner Properties, Inc.*, 677 F.2d 200, 202 (2d Cir. 1982) (quoting *Romer v. Leary*, 425 F.2d 186, 188 (2d Cir. 1970)); *see also Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 268 (S.D.N.Y. 2008) (citing *Town of Orangetown v. Gorsuch*, 718 F.2d 29, 42 (2d Cir. 1983)); *Porwick v. Fortis Benefits Ins. Co.*, 2004 U.S. Dist. LEXIS 24432, *14, 2004 WL 2793186 (S.D.N.Y. December 3, 2004).

In this case, the statute of limitations for Plaintiff's request for a declaration of ownership turns on her only substantive claim that relates to ownership: conversion.  (*See* Compl. ¶¶ 22 (requesting the court to declare Plaintiff's "right to possession" is "superior" to defendants); 23 ("restore the right to possession" and "return of the property"); 26 (alleging conversion because plaintiff allegedly is "entitled to the possession of certain property")).  Courts have viewed similar conversion claims in disputes over ownership as the underlying substantive claim for the overlapping declaratory judgment claim.  *See Bartlett v. Overslaugh*, 169 F. Supp. 3d 99, 110 (D.D.C. 2016); *Ally Financial Inc. v. Wells Fargo Bank, N.A. (In re Residential Capital, LLC)*, 531 B.R. 25, 46 (Bankr. S.D.N.Y. 2015); *Stuart & Sons, L.P. v. Curtis Publ. Co.*, 456 F. Supp. 2d 336, 348-349 (D. Conn. 2006).

"When a defendant acquires the property unlawfully in the first instance, as Plaintiff alleges here, a conversion claim accrues immediately."  *Sea Search Armada v. Republic of Colom.*, 821 F. Supp. 2d 268, 273 (D.D.C. 2011); *see also Songbyrd, Inc. v. Estate Grossman*, 23 F. Supp. 2d 219, 223 (N.D.N.Y. 1998); *Lennon v. Seaman*, 63 F. Supp. 2d 428, 440 (S.D.N.Y. 1999); *USHA Holdings, LLC v. Franchise India Holdings, Ltd.*, 11 F. Supp. 3d 244, 278-279 (E.D.N.Y. 2014);

19

*Global Gaming Phil., LLC v. Razon*, 2022 U.S. Dist. LEXIS 50244, *21-22 (S.D.N.Y. March 21, 2022) ("the statute of limitations for a claim of conversion accrues at the 'moment of conversion.'").  According to the Complaint, Mercedes McCambridge gave the Dress to Father Hartke in his personal capacity in 1973, before his passing in 1986.  (Compl. ¶¶ 6, 8).  To the extent Plaintiff claims that the University converted the Dress in 1986 (let alone in 1973, when Plaintiff concedes the Dress was at the University), the conversion claim would have accrued *decades* before the initial Complaint was filed on May 3, 2022.

To the extent Plaintiff alleges in opposition that the statute of limitations did not accrue until the re-discovery of the Dress in 2021, when Plaintiff purportedly gained actual notice of the alleged conversion, that is not what the Complaint alleges, and in any case, that would not save Plaintiff's conversion claim.  *See, e.g., Leitner-Wise v. Koniag, Inc.*, 2018 U.S. Dist. LEXIS 210506, *17-18, 2018 WL 6573306 (D.D.C. December 13, 2018) (actual *or* inquiry notice suffice for purposes of statute of limitations for conversion claims).

As an initial matter, *Father Hartke*, whose estate Plaintiff purports to act on behalf of, undoubtedly had actual notice during his lifetime of the University's alleged "conversion" of the Dress.  Indeed, at least three newspaper articles published during Father Hartke's lifetime identified the University's ownership over the Dress. Two articles occurred at the time of the transfer in 1973 and included input from Father Hartke.[9]  *See Sandza v. Barclays Bank PLC*, 151 F. Supp. 3d 94, 112-13 (D.D.C. 2015) (noting newspaper provided sufficient notice); *Alkasabi v.*

---

[9] "We have previously held that it is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents, in deciding whether so-called 'storm warnings' were adequate to trigger inquiry notice as well as other matters." *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425 (2d Cir. 2008).

*Washington Mut. Bank, F.A.*, 31 F. Supp. 3d 101, 109 (D.D.C. 2014) (same).  A 1973 article from the University newspaper, "The Tower," reported Ms. McCambridge's intent to support the students and the Dress's donation to the University's drama department; a 1973 article from the Washington Post indicated the Dress was presented to the University and Father Hartke intended it to be displayed on campus; and, lastly, the final 1979 article from the Washington Star noted Father Hartke's vow of poverty and that the Dress was University property.  Dkt. 21-11, Exhibit F ("The Tower" newspaper); Dkt. 21-1, Exhibits C (Washington Star), E (Washington Post).  While the most reasonable inference is that Father Hartke agreed the Dress was University property, the presence of these articles, at the very least, gave notice to Father Hartke of the University's claim to ownership of the Dress during his lifetime.

There can also be no doubt that the *Estate* also had actual or constructive notice during probate proceedings that determined that Father Hartke had no personal possessions upon his death owing to his vow of poverty.  Compl. ¶ 6; Dkt. 21-11, Ex. C-E.  The personal representative of the Estate sent certified mail to the known heirs and interested parties.  Dkt. 21-11, Ex. C-E.  The personal representative also circulated legal notices in the newspapers.  *See supra* note 3; D.C. Code 20-704 (describing requirement).

Plaintiff also clearly *knew* – and also alleges – that Father Hartke passed away in 1986.  (Compl. ¶ 6).  Father Hartke's death in 1986 is in itself notice of an alleged conversion given that the University did not transfer the Dress to the Estate at the time.  *See Bill Diodato Photography LLC v. Avon Prods.*, 2012 U.S. Dist. LEXIS 110988, *35-36, 2012 WL 3240428 (S.D.N.Y. 2012); *Ferring B.V. v. Allergan, Inc.*, 932 F. Supp. 2d 493, 510 (S.D.N.Y. 2013) (noting conversion claim accrued after failure to return after license).  The heirs (in particular Plaintiff) had at least constructive notice, as a matter of law, of Father Hartke's death and despite the Dress's "great and

21

substantial sentimental" value did not inquire into the Dress's possession at any time. *See generally Berkow v. Hayes*, 841 A.2d 776, 781 (D.C. 2004) ("[O]ne 'is deemed to be on inquiry notice' if, in meeting one's responsibility 'to act reasonably under the circumstances in investigating matters affecting [one's] affairs, such an investigation, if conducted, would have led to actual notice.'") (citation omitted).[10]

### b.    Plaintiff Has Not Alleged The Requisite Elements For Conversion

Even assuming the statute of limitations does not bar Plaintiff's claim for conversion and her claim under the Declaratory Judgment Act, Plaintiff has not plausibly alleged a claim for conversion. A claim for conversion under D.C. law requires "an unlawful exercise of ownership, dominion, and control over the personalty of another in denial or repudiation of his right to such property." *Wash. Gas Light Co. v. Pub. Serv. Comm'n*, 61 A.3d 662, 675 (D.C. 2013) (citation omitted). "By its very definition, a conversion claim cannot lie in 'items lost or left behind' or thrown away." *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1063 (D.C. 2014). Plaintiff

---

[10] To the extent that Plaintiff seeks to collaterally attack the administration or the finality of the probate proceedings itself, such claims are also barred by the statute of limitations. *See* Compl. ¶ 6; *See also* D.C. Code 20–1303 (barring all suits against the personal representative who administered the estate after one year). Any complaint about the administration of the Estate, including that the inventory was incomplete because it did not include the Dress, has long since expired. *See Lewis v. Parker*, 67 F. Supp. 3d 189, 208–09 (D.D.C. 2014) ("D.C. Code § 20–108.01 provides the applicable statute of limitations and statute of repose for probate matters when there are allegations of fraud, specifically providing that "[w]henever fraud has been perpetrated in connection with any proceeding" relating to the probate and administration of decedents' estates, "any person injured thereby may obtain appropriate relief against the perpetrator of the fraud[.]" D.C. Code § 20–108.01(a). Further, "[a]ny proceeding must be commenced within 2 years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud [e.g., Catholic University and Bonhams] later than 5 years after the time of the commission of the fraud." *Id.* At the very least, the five-year statute of limitations bars any actions against the University and Bonhams, as both parties are not the alleged perpetrator of the fraud.

alleges that the Dress was lost and/or left behind on the University's property.  (Compl. ¶ 9 (noting

that it was "relocated" at some point before 2021 by the University on the University's property).)

Plaintiff thus admits that the Dress was left at the University which had possession and control

over the Dress for decades.  Plaintiff cannot allege a claim for conversion when she acknowledges

and alleges that the Dress was left behind in the University.

Further, Plaintiff has not alleged the necessary intent behind a conversion claim which

requires allegations that the University knew the Dress belonged to Father Hartke.  Plaintiff does

not any intent by the University to convert the Dress, nor can she, including because she concedes

that Father Hartke left the Dress with the University.  *See Id.*; *see* also *Flocco v. State Farm Mut.

Auto. Ins. Co*., 752 A.2d 147, 158 (D.C. 2000) (noting defendant's intent not consistent with

conversion); *see also Jerry Vogel Music Co. v. Warner Bros.*, 535 F. Supp. 172, 175 (S.D.N.Y.

1982) ("a court can infer that a transfer has taken place from subsequent conduct"). "Conversion

is an *intentional* exercise of dominion or control over a chattel which so seriously interferes with

the right of another to control it that the actor may justly be required to pay the other the full value

of the chattel."  *Blanken v. Harris, Upham & Co.*, 359 A.2d 281, 283 (D.C. 1976) (emphasis

added); *see also Alexander v. Wash. Gas Light Co.,* 481 F. Supp. 2d 16 (D.D.C. February 23, 2006)

("With regards to the required intent element, '[a]t a minimum, a defendant liable of conversion

must have an intent to exercise a dominion or control over the goods which is in fact inconsistent

with the plaintiff's rights.").  Accordingly, Plaintiff fails to properly allege a claim for conversion.

## V.    PLAINTIFF FAILS TO ALLEGE SHE IS OWED A DUTY OF CARE

Plaintiff's Complaint, as amended, includes a claim that the University breached a duty of

care owed to Plaintiff and the Estate because of a "clear and obvious violation of Defendant's own

internal policies including a detailed policy for Acceptance, Management and Disposition of

Philanthropic Gifts".  (Compl. ¶ 36.)  To allege a claim for a breach of a duty of care, a Plaintiff

must establish: "the defendant owed him or her a cognizable duty of care; (2) that the defendant

breached that duty; and (3) that the plaintiff suffered damage as a proximate result of that breach."

*Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 489 N.E.2d 1294 (1985).

Here, Plaintiff's Complaint fails to allege that the Estate was owed any duty.  Plaintiff also has no

standing to object to any relationship between a donor and the University and concedes that the

Dress was actually a gift to the University.  (Compl. ¶ 36.)

     To the extent this now-contradictory allegation is true, the University then owns all rights

to the gift; any internal policies that relate to gifts do not create any enforceable rights for outsiders

(including the donor), nor has Plaintiff alleged a contractual basis for the claim.  *Fam. Fed'n' for*

*World Peace v. Hyun Jin Moon*, 129 A.3d 234, 246–47 (D.C. 2015) ("It is true that the general

rule at common law was that 'a donor who has made a completed charitable contribution ... as an

absolute gift . . . had no standing to bring an action to enforce the terms of his or her gift or

trust[.]'") (quoting *Carl J. Herzog Found., Inc. v. University of Bridgeport,* 243 Conn. 1, 699 A.2d

995, 997 (1997)).  Plaintiff has not alleged any particular obligations or duties violated by the

University, or even that would bind the University, either under its internal policy[11] or as a result

of any legal duty.  Nor does the Plaintiff demonstrate that this claim is permitted under a statute of

limitations.  *See Curtis v. Lanier*, 535 F. Supp. 2d 89, 95 (D.D.C. 2008) ("D.C. Code § 12-301(2)

provides a three year statute of limitations for the recovery of personal property or damages for its

---

[11]  Plaintiff cites the University Policy itself, Compl. ¶ 36, which was instituted in 2006, more
than 30 years after the gift was originally made, and more than 20 years after Father Hartke's
death. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)*; see Acceptance,*
*Management, and Disposition of Philanthropic Gifts Policy*,
https://policies.catholic.edu/advancement/giftacceptance.html (last visited July 1, 2022)

unlawful detention"). Aside from the jurisdictional flaws stated above, this claim should also be dismissed as implausible under Rule 12(b)(6).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' Motion and order such further relief as the Court deems just, necessary, and proper.

July 22, 2022

*s/ Shawn A. Brenhouse*

Amin Al-Sarraf
Shawn A. Brenhouse
LOCKE LORD LLP
*Attorneys for Defendant Catholic University of America*
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
amin.alsarraf@lockelord.com
shawn.brenhouse@lockelord.com


*s/ Ross M. Bagley*

Ross M. Bagley
John M. Kilgard
PRYOR CASHMAN LLP
*Attorneys for Defendant Bonhams & Butterfields Auctioneers Corp.*
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
rbagley@pryorcashman.com
jkilgard@pryorcashman.com