

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Shawn A. Brenhouse
Direct Telephone:  212-912-2830
shawn.brenhouse@lockelord.com

September 23, 2022

VIA Electronic Filing
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>  Re:  Hartke v. The Catholic University of America; Bonhams
>   Case No.: 1:22-cv-03571
>   Joint Letter Concerning Discovery Dispute

Dear Judge Gardephe:

The parties to the above referenced action file this joint letter ("Joint Letter") pursuant to Your Honor's Individual Rules of Practice, Rule IV(E) concerning a discovery dispute arising from Plaintiff's service of a non-party "Subpoena To Testify at a Deposition" upon an alleged fact witness, Father Joseph P. Allen, O.P.

This Court's Order dated June 7, 2022, provides that "[d]iscovery is stayed pending the resolution of Defendants' joint motion to dismiss" (Dkt. No. 31). In that same Order, the Court also terminated the parties' previous request on consent for an extension of time to file a Joint Civil Case Management Plan and Scheduling Order in favor of a briefing schedule for Defendants' joint motion to dismiss (the "Motion"), at Dkt. No. 49.

In advance of this Joint Letter, the parties initially exchanged several emails outlining their respective positions concerning this Court's order (Dkt. No. 31) and on September 9, 2022, at 12:30 p.m. Counsel for Plaintiff and Counsel for Defendant The Catholic University of America ("University") participated in a "meet and confer" conference call concerning the subpoena, which took place for approximately 30 minutes.[1] Unable to resolve the dispute through a good faith

---

[1] Defendant Bonhams & Butterfields Auctioneers Corporation ("Bonhams") was unable to participate in this September 9, 2021, meet and confer teleconference, but was copied on the email exchange regarding the subject matter of the parties' dispute and joins the University's position in this Joint Letter.

September 23, 2022
Page 2

discussion, the parties' counsel ultimately agreed to submit this Joint Letter requesting the Court's assistance regarding the dispute. The parties' prospective positions are outlined as follows:

**Plaintiff**: Plaintiff's position is that this Court's Order (Dkt. No. 31) which provides that "[d]iscovery is stayed pending the resolution of Defendants' motions to dismiss" only applies to first-party discovery, and not third-party discovery. Plaintiff also seeks to proceed with a deposition of Fr. Allen because, upon information and belief, the witness is elderly and may become unavailable. The proposed deponent Father Joseph P. Allen was the personal representative in the District of Columbia Probate Court for the Estate of the decedent Gilbert V. Hartke ("Hartke") whose Estate is claimed by plaintiff to be the owner of the property in dispute here. Hartke passed away on February 21, 1986. Father Allen is believed to be in his 80s. He resides in New York City and service was accepted on his behalf by his attorney, Thomas Van Dusen, Esq. Troy MI, email TVanDusen@BODMANLAW.COM.

**Defendants**: Defendants' position is that Plaintiff must withdraw the subpoena because any attempt to proceed with a deposition of a witness, whether a third-party witness or otherwise, is in violation of this Court's June 7, 2022 Order which provides that "[d]iscovery is stayed pending the resolution of Defendants' motions to dismiss," without exception. (Dkt. No. 31). Plaintiff also fails to provide any factual support for her Counsel's claim that a deposition should proceed because the witness may, at some later time, become unavailable.

Defendants proposed to meet and confer with Plaintiff about alternative dates for a deposition(s) after the resolution of the Motion, if necessary. However, Plaintiff insists on proceeding with a deposition while the Motion remains pending before Your Honor.

***

In light of the foregoing, the parties respectively request the Court's assistance in resolving the above described discovery related dispute, and specifically seek to confirm whether Your Honor intended to permit third-party discovery while prohibiting first-party discovery when it issued the order staying discovery pending the resolution of Defendants' Motion.

**Memo Endorsed:** As set forth in the Court's June 7, 2022 order (Dkt. No. 31), discovery is stayed pending the resolution of Defendants' motion. The Clerk of Court is directed to terminate the motion at Docket Number 58.
Dated: September 30, 2022

Respectfully,

*/s/ Shawn A. Brenhouse*
Shawn A. Brenhouse

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge