**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA ANN HARTKE, an individual<br><br>on her own behalf and on behalf of the Estate<br><br>of decedent Gilbert V. Hartke<br><br><br>    *Plaintiff,*<br><br>v.<br><br>BONHAMS & BUTTERFIELD'S AUCTIONEERS CORPORATION, A DELAWARE CORPORATION; *THE* CATHOLIC UNIVERSITY OF AMERICA, A NON-PROFIT DISTRICT OF COLUMBIA CORPORATION<br><br>    *Defendants.* | Civil Action No.: 22-357<br><br><br><br>SECOND AMENDED COMPLAINT |

**<u>NATURE OF ACTION</u>**

Plaintiffs Barbara Ann Hartke, on behalf of the Estate of Gilbert V. Hartke, deceased, complains of Defendants Bonham's & Butterfield's Auctioneers Corporation and The Catholic University of America seeking equitable relief and damages.

## THE PARTIES

1. Plaintiff Barbara A. Hartke is a citizen of the State of Wisconsin, residing at 705 S. Lakeshore Drive, Apt. 2H, Lake Geneva WI 53147. She was the niece of and an heir to the Estate of one Gilbert V. Hartke, deceased ("the Estate".

2. Defendant Bonhams & Butterfields Auctioneers Corporation (Bonham's) is, upon information and belief, a Delaware corporation duly qualified to do business in the State of New York, County of New York with its principal place of business located at 580 Madison Avenue, New York NY 10022.

3. Defendant The Catholic University of America (Catholic University) is, upon information and belief, a nonprofit Washington, D.C. corporation, operating as an institution of higher learning located at 620 Michigan Avenue, N.E. Washington, DC 20064 and organized for charitable, religious, and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1322(a)(1) because the plaintiff is a citizen in the State of Wisconsin residing in the State of Wisconsin and defendant Bonham's is a corporation incorporated in the State of Delaware with its principal place of business located in the State of New York; defendant Catholic University is a non-profit corporation located in the District of Columbia, the matter in controversy exceeds the

sum of $75,000.00, exclusive of costs and interest, and the parties herein are citizens of different States.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because defendant Bonham's has its principal place of business in the State of New York, resides within the Southern District of New York, and a substantial part of the events or omission and damages giving rise to this action are occurring in this District.

## **INTRODUCTION**

6.  Plaintiff files this action seeking to immediately halt Defendant's auction of property that belongs to the Estate of Gilbert V. Hartke, deceased. Plaintiff is the niece and one of two closest living heirs of the late Gilbert V. Hartke (decedent) who passed away in the District of Columbia on February 21, 1986. Some time in July, 1986, the College of the Immaculate Conception (the College), 487 Michigan Avenue, NE, Washington DC 20017, on behalf of one Joseph P. Allen, O.P., Treasurer of the College the self-described "largest creditor of the decedent" applied to be appointed personal representative of the decedent's estate pursuant to D.C. Code §20-303 in Petition docketed 1986 ADM 001663. According to Allen, decedent died intestate. Decedent's only personal property listed in the petition was as follows:

> The right to publicize the decedent's name, reference paragraph six of order entered June 30, 1986 in The Catholic University of America et. al. v. Katherine Faith Prior, et. Al, Superior Court of District of Columbia Civil Action #3675-86.

Decedent had in his possession substantial personalty at his death (See Affidavit and Attached Photographic Exhibits of Barbara Ann Hartke attached as Exhibit "A") and the statement of Allen that there was no other personalty than that listed in the Petition constituted a misrepresentation to the Court, made either intentionally, or negligently and with reckless

disregard for the truth. No other personalty of decedent was listed on this purported inventory. The

estate was, upon information and belief closed by the Court,  as there were no reported assets.

7.  This Complaint arose out of an advertisement by defendant Bonham's indicating that an

auction is scheduled to take place on May 24, 2022 at 10:00 AM PDT of "An Important

Costume worn by Judy Garland as Dorothy in the Wizard of Oz." M.G.M. Designed by

Adrian. According to the advertisement on Bonham's website:

> The dress worn by Judy Garland as Dorothy Gale throughout the scene set in the Witch's
> Castle, when the Wicked Witch of the West [Margaret Hamilton] has captured Dorothy
> and threatened her with death.
> Comprising a blue and white gingham pinafore dress with a fitted bodice and a full skirt,
> with handkerchief pocket, two mother of pearl buttons in the front and two to the reverse,
> wit a hook and eye closure at the back with fabric label in side inscribed 'JUDY
> GARLAND 4223' with a short sleeved blouse of cram organdy with a high neck trimmed
> at the neck and cuffs with pale blue rickrack trim, the blouse with hook and eye closure to
> the neck and snap closure to the body.
>
> Provenance
> Mercedes McCambridge
> The Catholic University of America

The website states $800,000-$1,200,000 in describing the dress, apparently estimating the

successful bid. Upon information and belief, said figures underestimate the actual selling

price.

8.  This action challenges defendants' false claim that the Important Costume ("dress")

advertised on the Bonham's website to be auctioned has the provenance, i.e. originates with

or has an earliest known history with. solely, the late Mercedes McCambridge and Catholic

University. This claim is false because, while at one point McCambridge was the undisputed

and lawful owner of the dress,  McCambridge specifically and publicly gave the aforesaid

dress to decedent Gilbert V. Hartke and said dress was at the time of his death and remains an  asset of decedent's estate.

9. Upon information and belief, the dress was missing for decades and relocated in 2021 with decedent's belongings in a storage location on the Catholic University campus where decedent, a Roman Catholic priest, was long employed as a University Professor and Drama Department Chairman. Catholic University made no attempt to locate decedent's heirs after the dress was relocated.  Catholic University has no ownership interest in the dress as, upon information and belief, there is no documentation demonstrating that decedent ever formally or informally donated the dress to Catholic University or made any promise during his lifetime to give the dress to Catholic University.

10. McCambridge was a star in her own right and appeared in numerous films and television shows. McCambridge had a *personal relationship* with Hartke that was only tangentially related to his position at Catholic University. McCambridge credited Hartke for helping her battle alcohol and substance abuse. The gift of the dress to Gilbert V. Hartke was to thank Hartke for his counselling and support. McCambridge later founded and ran an organization for the treatment of alcoholism and substance abuse for many years.

11. Upon information and belief, the dress is at the time of the filing of this Complaint physically located in this District at Bonham's place of business, 580 Madison Avenue, New York NY. Plaintiff now seeks immediate return of the dress to the Estate of Gilbert V. Hartke.

12. The dress  has great and substantial sentimental value to plaintiff as well as other heirs, is unique, and is recognized worldwide as an iconic image of perhaps the most beloved and watched film in the history of cinema. Ms. Garland, the late actress who wore the dress in the

film is, of course, immortal and still has millions of admirers and devoted fans throughout the world.  Her character, Dorothy was and to this day remains a heroine of young girls everywhere.  The property is priceless and defendants' conversion of same has caused and continues to cause great emotional harm to the plaintiff as the closest living heir of Gilbert V. Hartke.

13. Father Gilbert V. Hartke, was, in his own right, a famous public figure, close to Presidents, First Ladies, Hollywood stars and political and public figures worldwide. His contributions to the University, the world of drama and to the District of Columbia community are still recognized and honored decades after his passing.  The temerity of defendants in failing to honor his memory and ignore his legacy is insulting and distressing to the plaintiff and other living heirs.

14. Plaintiff Barbara Ann Hartke, like her uncle, pursued a lifelong career in the field of educating young minds and is a retired Chicago school teacher.

15. Defendants failed to employ due diligence, or, for that matter, any diligence at all in attempting to locate the heirs of Gilbert V. Hartke and advise them of the finding of the dress and their intent to sell it without any compensation to its rightful owners.

16. On or about June 6, 2022, plaintiff retained counsel in the District of Columbia ("DC Counsel"). DC Counsel formally applied on her behalf on June 13, 2022 in the Superior Court of the District of Columbia, Probate Division ("DC Court"), to reopen the Estate and seeking to have herself named as Personal Representative on grounds that a  new asset of the Estate had been discovered, namely the subject dress.  (Original Petition attached hereto as Exhibit "B"). Plaintiff was shortly thereafter advised by DC counsel that the DC Court could not retrieve the original file electronically given the number of years that had passed, and a

hard copy of the file jacket had to be obtained from the physical archives. Plaintiff was also advised by DC counsel that the Registrar of the DC Court had a backlog of requests because of the pandemic.  Unfortunately, despite periodically inquiring as to status, it was not until thirteen (13)  months passed before plaintiff was advised by her attorney that the file jacket was scanned and uploaded into the DC court Courtview electronic system until October 16, 2023.

17. DC counsel refiled a petition to reopen the Estate and appoint plaintiff personal representative on October 24, 2023.(Petition to Reopen Estate attached hereto as Exhibit "C").  On or about December 1, 2023, the DC court ordered plaintiff to file a list of interested parties pre- and post-deceased and to provide waivers of bond or post a bond. Plaintiff's application to reopen and be named Personal Representative remains pending in the DC court.

18. On December 11, 2023, this court rendered its decision dismissing the Complaint without prejudice for failure to state a claim. On December 18, 2023, plaintiff applied to the DC Court for an Order to Show Cause on an emergency basis asking to be named as temporary Special Administrator of the estate for the limited purpose of protecting Estate assets by prosecuting this action on behalf of the Estate, pending appointment of a Personal Representative. (Proposed Order, Supporting Certification with  Exhibits omitted and Petition attached as Exhibit "D").   The DC court application for an Order to Show Cause appointing plaintiff as Special Administrator remains pending as of the date of filing of this motion to amend Complaint with Verified Second Amended Complaint

## FIRST CAUSE OF ACTION

## CLAIM SEEKING DECLARATORY RELIEF

19. Plaintiff  hereby incorporate by this reference paragraphs 1 through 18 above as if set forth fully herein.

20. In a case of actual controversy within its jurisdiction, any court of the United States "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 USC § 2201(a).

21. An actual controversy exists between the Parties in this case with respect to the title to the dress which is referenced and described above.

22. It is necessary and proper that the rights and status among the parties hereto be declared, including with respect to the parties' interests in the Property.

23. Plaintiff seeks a declaration of rights, including a declaration that the right to possession of the dress by the Estate of Gilbert V. Hartke is valid, enforceable, and superior to any claim of defendants.

24. The dress is not for sale or for release into commerce, and hence there is no monetary remedy that can restore the right to possession to Estate of Gilbert Hartke other than a declaration by this court of its rights to the property and the return of the property to the Estate of Gilbert V. Hartke.

25. There is no alternative, adequate remedy at law to restore the parties to the *status quo ante.*

## SECOND CAUSE OF ACTION

## CLAIM FOR CONVERSION AND RETURN OF PERSONAL PROPERTY

26. Plaintiff hereby incorporate by this reference paragraphs 1 through 25 above as if set forth fully herein.

27. At all times herein mentioned the Estate was, and still is, the owner and was, and still is, entitled to the possession of certain property as described heretofore that were converted by the defendants for their own use.

As a direct and proximate cause of the defendant's conversion of the plaintiffs' property, plaintiff has suffered damages, the full nature and extent of which are presently unknown, but which will be determined according to proof at trial.

## THIRD CAUSE OF ACTION

### REPLEVIN

**(state common law)**

28. Plaintiff hereby incorporate by this reference paragraphs 1 through 27 above, as if set forth fully herein.

29. At all relevant times, the Defendants have held and currently retains personalty belonging to the Estate; the Estate have never relinquished ownership of the property.

30. Neither defendant ever purchased the property at issue from the Estate; nor have either provided  the Estate with any consideration in exchange for the property.

31. Despite due demand therefore, neither defendant has restored the property to  the Estate, as its lawful owner(s).

32.  To the extent that defendants  retain any property of the Estate, including but not limited to the Estate, within their possession, custody and/or control they should be ordered and compelled to restore the property to its lawful owner, the Estate,  and pay attendant damages

## FOURTH CAUSE OF ACTION

## CLAIM FOR FALSE ADVERTISING
**(Lanham Act, 15 USC § 1125(a))**

33. Plaintiff hereby incorporate by this reference paragraphs 1 through 32 above as if set forth fully herein.

34. Bonham's website statements pertaining to the provenance of the dress have been published by Bonham's and used as commercial advertisement or promotion for the advertised products.

35. Said statements are false and intended to harm plaintiff and the Estate of Gilbert V. Hartke by implying that the defendants have title and ownership to the property.

## SIXTH CAUSE OF ACTION

## BREACH OF DUTY TO EXERCISE REASONABLE CARE

36. Plaintiffs hereby incorporate by this reference paragraphs 1 through 35 as if fully set forth herein.

37. Defendant Catholic University of America,  its agents, employees, principals, officers, and directors, including members of the bar, designated compliance officers, and   failed to exercise even the least modicum of reasonable diligence and care and acted in reckless

disregard of the rights of plaintiff and the other heirs in arriving at the decision to place the aforesaid dress with Bonham's for auction. Said decision was arrived at and acted upon in clear and obvious violation of defendant's own internal policies including a detailed policy for Acceptance, Management and Disposition of Philanthropic Gifts.

38. As a result of defendant Catholic University of America's actions, plaintiff experienced severe emotional distress by being forced to litigate in a foreign jurisdiction miles from her home without warning and notice;

WHEREFORE plaintiff prays for judgment against the defendants as follows:

a.  Defendants and all agents, servants, employees and attorneys and all other persons in active concert or participation with it who receive actual notice of the injunction be temporarily, preliminarily and permanently enjoined from transferring to anyone other than plaintiff and, or the Estate of Gilbert V. Hartke the dress advertised on Bonham's website, or moving said dress outside of this District;

b.  Plaintiff and, or the Estate of Gilbert V. Hartke be awarded compensatory and exemplary damages and restitution for the wrongful conversion of their property by defendant Catholic University of America;

c.  Plaintiff and, or the Estate of Gilbert V. Hartke be awarded compensatory and exemplary damages for damages incurred as a result of defendants' gross and reckless, and negligent disregard for the property rights of plaintiff and the Estate of Gilbert V. Hartke;

d.  Plaintiff be awarded reasonable attorneys' fees and costs of suit.

Dated:                                       _____
                                             Anthony Scordo
                                             Attorney for Plaintiff Barbara Ann Hartke,
                                             Individually and on behalf of the Estate of Gilbert
                                             V. Hartke, deceased


## VERIFICATION OF COMPLAINT

Barbara Ann Hartke, of full age, says:

1. I am the Plaintiff in the foregoing Verified Complaint.
2. The allegations therein are true to my personal knowledge.
3. I certify the above-mentioned statements are true.  I realize if the above statements are willfully false, I am subject to punishment.


                                             _____
                                             Barbara Ann Hartke

Dated: