**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BARBARA ANN HARTKE, an individual
on her own behalf and on behalf of the Estate
of decedent Gilbert V. Hartke,

        Plaintiff,

    v.

BONHAMS & BUTTERFIELDS
AUCTIONEERS CORPORATION, A
DELAWARE CORPORATION; THE
CATHOLIC UNIVERSITY OF AMERICA,
A NON-PROFIT DISTRICT OF
COLUMBIA CORPORATION,

        Defendants.

:
:
:
:
:    Civil Action No.: 22-cv-03571 (PGG)
:
:
:
:
:
:
:
:
:
:
:
:
:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO AMEND THE VERFIED COMPLAINT AND FOR AN EXTENSION TO
THE PRELIMINARY INJUNCTION**

Shawn A. Brenhouse
Amin Al-Sarraf
LOCKE LORD LLP
*Attorneys for Defendant Catholic
University of America*
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
shawn.brenhouse@lockelord.com
amin.alsarraf@lockelord.com

Ross M. Bagley
John M. Kilgard
PRYOR CASHMAN LLP
*Attorneys for Defendant Bonhams &
Butterfields Auctioneers Corp.*
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
rbagley@pryorcashman.com
jkilgard@pryorcashman.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

STANDARD OF REVIEW ...................................................................................................3

ARGUMENT .....................................................................................................................3

    I.      PLAINTIFF FAILS TO ALLEGE REQUISITE STANDING .............................3

        a.      Plaintiff Is Not A Real Party In Interest.......................................................3

        b.      Plaintiff Is Not Authorized To Sue On Behalf Of The Estate ...................6

    II.     DEFENDANTS INCORPORATE BY REFERENCE THEIR JOINT
            MOTION TO DISMISS .........................................................................................7

CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Frank*,
    592 F. Supp. 3d 317 (S.D.N.Y. 2022).........................................................................................4

*Estate of Capo v. Haquif*,
    2019 U.S. Dist. LEXIS 92713 (S.D.N.Y. May 31, 2019).........................................................7

*Foman v. Davis*,
    371 U.S. 178 (1962).................................................................................................................3

*Garmon v. Cnty. of Rockland*,
    No. 10 Civ. 7724 (ALC) (GWG), 2013 WL 541380 (S.D.N.Y. Feb. 11, 2013) ......................4

*King v. Wang*
    (No. 14 Civ. 7694) ....................................................................................................................6

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008)......................................................................................................3

*Yien-Koo King v. Wang*,
    No. 14 CIV. 7694 (JFK), 2018 WL 1478044 (S.D.N.Y. Mar. 26, 2018) ..................................6

**Statutes**

D.C. Code §§ 20–501.......................................................................................................................7

Lanham Act, 15 U.S.C. § 1125(a) .............................................................................................2, 3

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)....................................................................................................................3

FRCP 12(b)(1) ............................................................................................................................1, 8

FRCP 12(b)(6) ............................................................................................................................1, 8

N.Y. Est. Powers & Trusts § 11-3.1 ...............................................................................................4

Rule 17(b)(3)................................................................................................................................4, 7

Defendants The Catholic University of America (the "University") and Bonhams and Butterfields Auctioneers Corp. ("Bonhams" and, together with the University, "Defendants") submit this Joint Memorandum of Law in Opposition to plaintiff Barbara Ann Hartke's ("Plaintiff") Motion for Leave to Amend Plaintiff's Amended Complaint (Dkt. No. 39)[1] and for an extension of the preliminary injunction. For the reasons set forth below, Plaintiff's proposed amendments are futile and Plaintiff is not entitled to any further injunctive relief.

## PRELIMINARY STATEMENT

The proposed Second Amended Complaint (Dkt. No. 69-1) ("SAC") does not cure the numerous deficiencies in the Amended Complaint and is still subject dismissal because (1) Plaintiff does not have standing to sue either in her own name or on behalf of the Estate under Rule 12(b)(1); and (2) the SAC fails to state a claim under Rule 12(b)(6). (*See Id*).

Despite this Court's recent determination that Plaintiff lacks the requisite standing to bring this action (Dkt. No. 66), Plaintiff still does not allege any facts in her proposed amendments suggesting that she is an executor, administrator or personal representative of the Estate of Gilbert V. Hartke ("Estate"). (*See* Dkt. No. 69-1). In fact, she expressly concedes that she is none of those. Moreover, she represents that she has filed various applications before the probate court in the Superior Court of the District of Columbia, none of which have been granted or even entertained by that court. (*See* Dkt. No 69-1, ¶16-18). Plaintiff's belief that these wishful, and to-date unsuccessful, attempts to re-open the 35-year-old probate proceeding may lead to her appointment as a representative of the Estate is not enough to overcome the fact that she is not now and never was a representative with authority to act on behalf of the Estate.

---

[1]     All corresponding Docket Numbers are referred to herein as "Dkt. No.___").

As a consequence, Plaintiff fails to establish standing to pursue her claims against Defendants and the SAC is otherwise simply a re-allegation of claims that are without any plausible basis.

Plaintiff's proposed SAC alleges, incorrectly and much like her initial Complaint in this action, that the Estate owns a dress worn by Judy Garland in "*The Wizard of Oz*" (the "Dress"), and attempts, unsuccessfully, to state claims that the University converted the Dress, that the University and Bonhams falsely advertised the Dress's ownership in violation of the Lanham Act, 15 U.S.C. § 1125(a), and that the University breached its duty of care with respect to the Dress. (Dkt. No. 69-1, Compl. ¶¶ 19-27, 33-38.)

The proposed SAC does not remedy, however, any of the fatal pleading errors in the prior complaint. Instead, the allegations remain largely the same and Plaintiff's Motion for Leave to Amend instead seems to re-argue and re-hash the issues raised in Defendants' Motion to Dismiss (Dkt. No. 53) and adjudicated in the Court's Decision (Dkt. No. 66).  None of her arguments are availing.  Because the Motion fails to overcome even the low bar for standing and pleadings set as a matter of law and by the Court, this exercise is a waste of the valuable time and resources of the parties and this Court and, accordingly, the Motion should be denied.

## STATEMENT OF FACTS

In the interest of judicial efficiency, Defendants hereby incorporate by reference their Statement of Facts from their Memorandum of Law in Support of Defendants' Joint Motion to Dismiss (the "Motion to Dismiss") filed in this case. (Dkt. No. 53, p. 2).  All undefined capitalized terms herein shall be used as defined in that Memorandum of Law.

## STANDARD OF REVIEW

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend may properly be denied, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ARGUMENT

In her proposed SAC, much like her amended Complaint, Plaintiff asserts fives claims for relief: (1) a claim seeking a declaration concerning the ownership over the Dress; (2) a claim for conversion of the Dress; (3) a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a); (4) a claim for replevin; and (5) a duty of care violation.[2]  Each of them fail for the general reasons that Plaintiff does not allege facts supporting her standing to bring this action and also because Plaintiff fails to plausibly allege their elements. Further, the proposed amendments are futile because the same fundamental pleading problems persist in Plaintiff's SAC such that it fails to state a single claim.

## I.    PLAINTIFF FAILS TO ALLEGE REQUISITE STANDING

### a.    Plaintiff Is Not A Real Party In Interest

The proposed SAC asserts that the Dress belongs to the Estate of Gilbert V. Hartke (Dkt. No. 69-1, ¶ 6 ("…property that belongs to the Estate of Gilbert V. Hartke, deceased.")).  As this Court has previously noted, "New York law is clear that — absent 'extraordinary circumstances'

---

[2]      Plaintiff appears to have replaced her cause of action for an "injunction" with a claim for "replevin" which, as Plaintiff concedes, is rooted in Plaintiff's claim for conversion. (Dkt. No. 69-1).

— '[o]nly a duly appointed personal representative may bring suit on behalf of a decedent.'" *See Garmon v. Cnty. of Rockland,* No. 10 Civ. 7724 (ALC) (GWG), 2013 WL 541380, at *2 (S.D.N.Y. Feb. 11, 2013) (applying Rule 17(b)(3) to determine a plaintiff's capacity to litigate on behalf of the decedent's estate, where plaintiff had not been named as executor or administrator of the estate); *Aetna Life Ins. Co. v. Frank*, 592 F. Supp. 3d 317, 322 (S.D.N.Y. 2022) ("Under New York law, absent extraordinary circumstances, actions brought on behalf of an estate must be brought by an executor or administrator."); N.Y. Est. Powers & Trusts § 11-3.1 ("Any action may be maintained by and against a personal representative in all cases and in such manner as such action might have been maintained by or against his decedent.").

Here, the proposed SAC admits that the D.C. Probate Court appointed Father Allen to serve as the personal representative of Father Hartke's estate, not Plaintiff. (Dkt. No. 69-1, ¶ 6). Consequently, it is for the probate court in the District of Columbia to decide whether to "reopen the Estate", appoint Plaintiff as the "personal representative" of the Estate, and/or include "a new asset", the Dress, in the Estate.  As set forth in Defendants' Joint Motion to Dismiss, Plaintiff's claims are thus either premature, since she is not yet the representative of the Estate who can assert an interest in the Dress in that capacity, or they fail as a matter of law because Plaintiff is asking this Court to re-litigate issues already decided in the Superior Court of the District of Columbia, Probate Division, more than 35 years ago. (Dkt. No. 53, p. 2.)

Additionally, Plaintiff insists on misrepresenting to the Court that she is suing "on behalf of the Estate of decedent Gilbert V. Hartke," (Dkt 69-1, at ¶ 1), despite conceding that she is *not* a representative of the Estate, and has now apparently (and needlessly) spent nearly two years

seeking to "reopen" the Estate's probate proceeding to become one to no avail.  (Dkt. No. 69-1, at ¶ 1).[3]

Moreover, Plaintiff's SAC does contain any additional facts to support a claim that "extraordinary circumstances" exist such that Plaintiff may bring a claim on behalf of the Estate, in some capacity other than as the personal representative.  It remains true that it was not fraudulent or reckless for Father Allen to represent to the D.C. Probate Court that Father Hartke owned no physical assets at the time of his death, "having delivered all he came into possession of to the College of the Immaculate Conception."" (Allen Aff. Dkt. 21-13 at ¶ 5).[4] Ultimately, Plaintiff's failure to allege in the SAC that she succeeded the existing (or then) personal representative of the Estate, Father Allen, when the Estate was in probate in 1986 is fatal to her claims.  (*See* Compl. ¶ 69-1, ¶ 6).

---

[3]     While Plaintiff's amendments in the SAC do not overcome the deficiencies set forth in the Court's Decision, Plaintiff includes additional allegations in the proposed SAC relating to her so-called attempts to "re-open" the Estate, including that (1) an application was made to be appointed as a representative sometime in June 2022; (2) it took Plaintiff 13 months to obtain the file jacket in connection with Father Hartke's estate; (3) her probate counsel allegedly refiled a "petition" on October 23, 2023 which remains pending; and (4) on December 18, 2023, after this Court issued its Decision dismissing Plaintiff's complaint, Plaintiff allegedly filed an Order to Show Cause to be appointed as personal representative of the Estate which remains pending. (Dkt 69-1 at ¶ 16-18).  Plaintiff fails to establish how her unsubstantiated attempts to "re-open" the Estate amount to "extraordinary circumstances" especially when she fails to allege any facts suggesting wrongdoing by Father Allen in acting as the executor of the Estate.  Additionally, and perhaps most importantly, as set forth in the Declaration of Tom Repczynski, together with The D.C. probate Court's electronic docket, ***there is no record of any filings after November 16, 2022 when the D.C. court denied a petition to "re-open" allegedly filed by Plaintiff.*** (*See* the accompanying Declaration of Tom Rzepczynski ("Repczynski Dec."), ¶¶ 7, 10, 11, Exs. C, D).

[4]     Far from the malevolent, Wicked Witch caricature Plaintiff has made Father Allen out to be, to the contrary, as the Court has noted, he simply followed Father Hartkes's wishes, and acted consistently with the way that vows of poverty are treated in probate proceedings as a matter of well-established law.

In her brief in support of Plaintiff's SAC, Plaintiff improperly relies on *King v. Wang* (No. 14 Civ. 7694), a case which has nothing to do with the instant matter.  In *King*, the plaintiff established that the underlying will appointing the defendant as executor was procured by fraud. *Yien-Koo King v. Wang*, No. 14 CIV. 7694 (JFK), 2018 WL 1478044, at *6 (S.D.N.Y. Mar. 26, 2018).  In the plaintiff's motion for reconsideration on whether plaintiff maintained standing, the Court granted reconsideration because plaintiff was permitted to proceed with claims brought on behalf of the estate, in light of the fraud, which was "essentially a technical change that in no way alters the factual allegations in the amended complaint." *Id.*  No such similar facts exist here.

Here, Plaintiff ignores her obligation to plead and demonstrate "extraordinary circumstances" or "fraud" to establish standing to sue on behalf of the Estate notwithstanding there is another, duly appointed representative.  Instead, she claims that she need only provide "full notice of the claims she seeks to pursue on behalf of the estate" to be substituted in as a real party in interest.  (Dkt. No. 70, p. 6).  Plaintiff is wrong.  As already addressed by this Court, "[t]he particularity requirement is not excused merely because a plaintiff's allegations of fraud are made on information and belief.  Where a complaint is premised on 'information and belief' allegations, the expressed 'belief [must be] based on factual information that makes the inference of culpability plausible.'" (*See* Dkt. No. 66, p. 14) (citations omitted).  "Indeed, the record contains no facts suggesting that Father Allen acted in bad faith in reporting — in the inventory he prepared." *Id.* Therefore, Plaintiff fails to establish any basis whatsoever why she should be "substituted" as a real party in interest by this Court.

**b.     Plaintiff Is Not Authorized To Sue On Behalf Of The Estate**

Plaintiff's SAC again makes clear that she did not have any authorization to sue on behalf of the Estate or any heirs when she commenced this action.  She did not follow (nor does she allege

to have done so) the D.C. probate court's procedures or satisfy any of the requirements to represent an estate that was closed some 35 years ago.  *See* D.C. Code §§ 20–501 ("Conditions of appointment"); 20-502 (bond requirement); 20-503 (letter from Register requirement); *see generally* Fed. R. Civ. Proc. 17(b)(3) (noting the capacity to sue requirements turn on state law).

It also appears that there has also been no activity in the Estate matter since at least November 17, 2022 when the D.C. Court denied Plaintiff's alleged application to re-open the Estate. (*See* Repczynski Dec. ¶¶ 6, 7, 10, 11, Exs. C, D).  As confirmed by Catholic's D.C. counsel, "no further filings or activity of any kind have been docketed in the D.C. Probate Court matter…" (*See* Repczynski Dec. ¶ 11, Ex. D).[5]

Therefore, Plaintiff "lack[s] the requisite legal capacity to bring this action because" she is not the "duly appointed personal representative[ ] of Decedent's estate."  *Estate of Capo v. Haquif*, 2019 U.S. Dist. LEXIS 92713, *9 (S.D.N.Y. May 31, 2019) (citing authorities).  Plaintiff's SAC, like her prior pleadings, thus fails to allege any facts to establish that she has standing to proceed on her claims and this action should be dismissed.

## II.   DEFENDANTS INCORPORATE BY REFERENCE THEIR JOINT MOTION TO DISMISS

Defendants hereby incorporate by reference the arguments set forth in their Memorandum of Law in Support of Defendants' Joint Motion to Dismiss (the "Motion to Dismiss") filed in this case. (Dkt. No. 52; Dkt. No. 53).  As set forth therein, (1) Plaintiff lacks standing to sue either in her own name or on behalf of the Estate; and (2) in any event, the SAC fails to state a claim. (*See* Dkt. No. 53, Sec. (1)(c) (Plaintiff's claims are barred by the probate exception);  Sec. (III)(a) and

---

[5]    As forth in the Repczynski declaration, the ultimate 'Wizard Behind the Curtain' here is that the D.C. probate proceeding's electronic docket confirms that Plaintiff's exhibits to the SAC, including various applications made in the Probate proceeding, were never filed with the D.C. probate clerk's office or served upon any party. (*See* Repczynski Dec. ¶¶ 10, 11, Ex. D).

(b) (there is no diversity jurisdiction); Sec. (III)(c) (There is no statutory commercial injury or a misrepresentation of the 'nature, characteristics, qualities or geographic origin' of the Dress); Sec. (IV)(a)(Plaintiff's conversion claim is barred by the statute of limitations); Sec. (V) (Plaintiff fails to allege any duty owed to the Estate or Plaintiff)).  Accordingly, the SAC, as was the case with Plaintiff's Amended Complaint, is subject to dismissal pursuant to FRCP 12(b)(1) and (b)(6).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion and order such further relief as the Court deems just, necessary, and proper.

January 10, 2024

*s/ Shawn A. Brenhouse*
Shawn A. Brenhouse
Amin Al-Sarraf
LOCKE LORD LLP
*Attorneys for Defendant Catholic University of America*
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
amin.alsarraf@lockelord.com
shawn.brenhouse@lockelord.com


*s/ Ross M. Bagley*
Ross M. Bagley
John M. Kilgard
PRYOR CASHMAN LLP
*Attorneys for Defendant Bonhams & Butterfields Auctioneers Corp.*
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
rbagley@pryorcashman.com
jkilgard@pryorcashman.com

## **CERTIFICATE OF SERVICE**

8

I, Shawn A. Brenhouse, an attorney, hereby certify that on the 10th day of January, 2024, I caused a true and correct copy of the foregoing Opposition to Plaintiff's Motion to Amend, with all declarations and exhibits thereto, to be served on all parties registered in the Court's electronic case management/filing system.

*/s/ Shawn A. Brenhouse*

Shawn A. Brenhouse