**MANDATE**

24-258
*Hartke v. Bonhams & Butterfields Auctioneers Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-four.

PRESENT:

   RICHARD J. SULLIVAN,
   ALISON J. NATHAN,
     *Circuit Judges*,
   RAMÓN E. REYES, JR.,
     *Judge*.[*]

---

BARBARA ANN HARTKE, on behalf of the Estate of Gilbert V. Hartke,

   *Plaintiff-Appellant*,

   v.          No. 24-258

---

[*] Judge Ramón E. Reyes, Jr., of the United States District Court for the Eastern District of New York, sitting by designation.

BONHAMS & BUTTERFIELDS AUCTIONEERS CORPORATION, THE CATHOLIC UNIVERSITY OF AMERICA,

      *Defendants-Appellees.*†

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | ANTHONY SCORDO, Anthony Scordo Esq. PC, Saddle River, NJ. |
| **For Defendant-Appellee Bonhams & Butterfields Auctioneers Corporation:** | Ross M. Bagley, Pryor Cashman LLP, New York, NY. |
| **For Defendant-Appellee The Catholic University of America:** | AMIN AL-SARRAF (Shawn A. Brenhouse, Locke Lord LLP, New York, NY, *on the brief*), Locke Lord LLP, Los Angeles, CA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 23, 2024 judgment of the district court is **AFFIRMED**.

Plaintiff Barbara Ann Hartke appeals from the district court's judgment dismissing her claims for conversion, false advertising, and breach of duty against Defendants Bonhams & Butterfields Auctioneers Corporation and the

---

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Catholic University of America ("CUA"). This dispute centers around the ownership of a dress worn by Judy Garland as Dorothy in *The Wizard of Oz* that was once gifted to Plaintiff's late uncle, Father Gilbert V. Hartke, who was a priest at CUA and whose estate was discharged in 1986 in the District of Columbia probate court. Plaintiff commenced this federal action in 2022, seeking an injunction prohibiting the defendants from auctioning the dress and a declaration that the dress belongs to Father Hartke's estate. The district court concluded that it lacked subject-matter jurisdiction over Plaintiff's claims and denied her leave to amend her complaint yet again. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

**I.      Subject-Matter Jurisdiction**

We "review[] *de novo* a district court's decision dismissing a complaint for lack of subject[-]matter jurisdiction." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

Federal Rule of Civil Procedure 17(a) requires that an action "be prosecuted in the name of the real party in interest," but allows the executor or administrator of an estate to sue in her own name. Drawing on the language of this rule, the district court dismissed Plaintiff's claims on the grounds that she

3

lacked standing. Because Plaintiff conceded that she was not the executor or administrator of the estate, the district court looked to "the law of the state where the court is located," Fed. R. Civ. P. 17(b)(3), to determine whether Plaintiff had the capacity to sue on behalf of the estate. Applying New York law, the court determined that she did not.

Although Plaintiff spills a great deal of ink arguing that the district court misapplied Rule 17 and New York law in its standing analysis, her arguments are ultimately of no moment, since the district court lacked subject-matter jurisdiction to decide this case for a separate reason. We "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Here, Plaintiff only seeks to bring claims on behalf of Father Hartke's estate in a representative capacity and affirmatively asserts jurisdiction for these claims solely on the basis of diversity of citizenship under 28 U.S.C. § 1332.[1] However, for diversity purposes, "the legal representative of the estate

---

[1] Despite alleging one claim under the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff does not assert federal question or supplemental jurisdiction in either her complaint or her briefs here. *See* J. App'x at 320–21; Hartke Br. at 14 ("This matter was brought under the general diversity statute."); *see also* Reply Br. at 11 ("[L]ack of [diversity jurisdiction] would deprive the federal court of jurisdiction."). "[W]hile federal courts must ensure that they do not *lack* subject-matter jurisdiction, even if the parties fail to identify any jurisdictional defect, there is no corresponding obligation to *find and exercise* subject-matter jurisdiction on a basis not raised by

4

of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). It is undisputed that Father Hartke was a citizen of the District of Columbia at the time of his death. Therefore, any individual seeking to bring claims on behalf of his estate would likewise be deemed a D.C. citizen. And since Plaintiff concedes that CUA is also a D.C. citizen, there was not complete diversity between all parties to this dispute – even if we concluded that Plaintiff had standing here. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Plaintiff attempts to sidestep this problem by insisting that "all challenges to subject-matter jurisdiction premised upon diversity of citizenship" must be determined by "the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Plaintiff argues that even though she asserted claims in a representative capacity on behalf of Father Hartke's estate, she had not been appointed as executor at the time of filing. She therefore contends that she should be regarded as a citizen of Wisconsin, where she resides, and not of the District of Columbia, where Father Hartke resided

---

the parties." *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206–07 (2d Cir. 2024). Plaintiff has therefore "forfeit[ed] the invocation of" federal question or supplemental jurisdiction by "fail[ing] to timely raise it." *Id.* at 207.

5

prior to his death. But Plaintiff points to no caselaw, nor are we aware of any, suggesting that citizenship under section 1332(c)(2) turns on whether a party suing on behalf of an estate was formally appointed as the executor or administrator. Rather, we have long held "that federal courts must look to the individuals being represented rather than their . . . representative to determine whether diversity of citizenship exists." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998) (internal quotation marks omitted); *see also Gustafson v. zumBrunnen*, 546 F.3d 398, 402–03 (7th Cir. 2008) (holding that, under section 1332(c)(2), an individual who brings suit on behalf of an estate is deemed a citizen of the same state as the decedent, even if that plaintiff is not the legally appointed executor or administrator). We therefore have no hesitation in concluding that the district court lacked subject-matter jurisdiction to hear Plaintiff's cause of action.

## II. Denial of Leave to Amend

Plaintiff also argues the district court erred in (1) denying her leave to amend the complaint for a second time and (2) not providing her with "reasonable time" to be appointed a personal representative of Father Hartke's

6

estate, which she contends would have enabled her to cure the standing deficiency identified by the district court. Fed. R. Civ. P. 17(a)(3). We disagree.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Nevertheless, a district court may properly deny leave for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (internal quotation marks omitted).

As the district court noted, Defendants first challenged Plaintiff's ability to sue on behalf of the estate on June 17, 2022, and yet records from the District of Columbia probate court reflect that "there is no pending motion to reopen the estate." J. App'x at 587. The district court was therefore justified in concluding

7

that even though Plaintiff had ample time to seek relief in the D.C. probate court, "she has not been appointed as personal representative of the [e]state, and it is not clear that Plaintiff will ever be so designated." Sp. App'x at 15–16.

But even if Plaintiff had made such a motion and succeeded in being appointed as representative of Father Hartke's estate, the appointment would in no way cure the lack of complete diversity discussed above, since Plaintiff would still be deemed to have the citizenship of the estate. Put simply, because the estate and CUA are both citizens of the District of Columbia, any amendment reflecting Plaintiff's appointment as the estate's representative would be futile in curing the lack of complete diversity among the parties. We therefore cannot say that the district court erred in denying Plaintiff leave to amend.

Finally, Plaintiff contends that the district court's denial of leave to amend operated as a *de facto* dismissal with prejudice, since curing the standing deficiencies identified by the district court would only serve to destroy complete diversity, thereby making it impossible for Plaintiff to pursue her claims in federal court. But Plaintiff misapprehends what it means to dismiss an action with prejudice. As we have previously explained, "a dismissal without prejudice, even one denying leave to amend, does not preclude another action

8

on the same claims." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) (internal quotation marks omitted). In contrast, "a dismissal with prejudice is a ruling on the merits that precludes a plaintiff from relitigating – in any court, ever again – any claim encompassed by the suit." *Id.* (internal quotation marks omitted). The district court's decision here does not bar Plaintiff from attempting to litigate her claims anywhere, including – most obviously – the D.C. probate court where Father Hartke's estate was distributed and discharged nearly forty years ago. Plaintiff simply cannot invoke diversity jurisdiction to proceed in *federal* court. We see no reason to conclude that the district court erred here.

*   *   *

We have considered Plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9